LERNER v. ROTH.

(Supreme Court, Appellate Term. June 21, 1912.)

1. EVIDENCE (§ 434*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACTS.
   Where a written contract stipulated that it was not subject to cancellation, a party who signed the contract after reading it may not show that it was procured by fraudulent representations that it could be canceled at the end of each week, and thereby contradict the written contract; the representations being promissory in nature.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

2. EVIDENCE (§ 413*)—PAROL EVIDENCE.
   Where a party to a written contract for a display advertisement on the "advertising drop" of a theater knew that the "advertising drop" was a curtain which was to be rolled up and down, and was not constantly in view, parol evidence that the adverse party represented that the advertisement was to be permanent and constantly in view of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

audience in the theater was inadmissible, as varying the written contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1855–1857, 1859, 1860; Dec. Dig. § 413.*]

3. APPEAL AND ERROR (§ 878*)—QUESTIONS REVIEWABLE—RULINGS AGAINST ADVERSE PARTY.

The court, on the appeal of a party, cannot consider errors in rulings in the admission of evidence of the adverse party.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Isidor Lerner, doing business as the Lerner Advertising Company, against William Roth. From a judgment of the Municipal Court for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

S. G. Nissenson, of New York City, for appellant.
Jacob Levy, of New York City, for respondent.

LEHMAN, J. Plaintiff sues upon a written contract for the display of defendant's advertisement "on the advertising drop of the Gotham Theater." The pleadings were oral, and the defense originally pleaded was a general denial. At the trial, however, for the purpose of permitting the introduction of evidence of parol representations made prior to the written contract, the answer was amended by adding a plea of fraud. These representations were of two kinds: First, that the contract could be canceled at the end of each week; second, that the advertisement was to be "permanent" and constantly in the view of the audience in the theater.

[1] The first of these alleged representations was distinctly promissory in nature, and was directly contradicted by the terms of the contract: "This contract not subject to cancellation." This evidence is not material upon the issue of fraud, but is merely an attempt to contradict the terms of the written contract, which defendant read before signing. The admission of this evidence alone, in my opinion, requires a reversal of the judgment.

[2] The evidence of the other representations would be material upon the issue of fraud only if they are construed to be representations of the nature of the "advertising drop." The defendant, however, admits that he knew that the "advertising drop" was a curtain, which was to be rolled up and down, and not constantly displayed. It is not disputed that this drop forms the background of street scenes, and was used as often as required. To enlarge its meaning, so as to include a permanent display, when defendant himself admits that he understood that the curtain was not to be constantly displayed, would be to permit the express contract to be varied.

[3] It is, perhaps, only fair to point out that the trial justice erred

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the admission of evidence offered by the plaintiff to prove his prima facie case, as well as in the admission of evidence to prove the defense. Since, however, the judgment was rendered in favor of the defendant, such errors cannot be considered upon this appeal.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.