SAN ANTONIO LIFE INS. CO. v. TRAMMELL et al. (No. 7073.)

(Court of Civil Appeals of Texas. Galveston. June 16, 1916. Rehearing Denied Oct. 5, 1916.)

1. FRAUD ☞37—ACTIONS—VENUE—EXCEPTION.

Within exception 7, "Cases of Fraud," to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, providing that no one shall be sued out of the county in which he has his domicile, defendant insurance company was not chargeable with any fraud of T., its agent only for soliciting insurance, in making his individual contract with plaintiff to procure a loan for him, though defendant's president knew, when plaintiff's application for insurance was made and premium thereon paid, that plaintiff's reason for obtaining the insurance was to enable him to secure a loan which T. was negotiating for him with other parties; such knowledge not making defendant liable for any fraudulent act or statement of T. in the matter of securing the loan, of which it had no knowledge and which it did not ratify.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 33; Dec. Dig. ☞37.]

2. FRAUD ☞37—ACTIONS—VENUE—EXCEPTION—TELEPHONE CONVERSATION.

Defendant was not chargeable with fraud committed in B. county, within exception 7, to the provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, that no one shall be sued out of the county of his domicile, by reason of any promise of defendant's president, talking over a phone from E. county to plaintiff in H. county, that defendant would do what T. had in B. county promised defendant would do.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 33; Dec. Dig. ☞37.]

3. CORPORATIONS ☞503(2)—VENUE—CAUSE OF ACTION ARISING FROM INSURANCE CONTRACT.

Any cause of action growing out of a contract of insurance, plaintiff's application for which was signed in B. county and sent to defendant in E. county, where it accepted it, did not arise in B. county, within exception 24, to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, placing venue in the county of defendant's domicile, that action against a private corporation may be brought in the county in which the cause of action or any part thereof arose; the application not constituting a contract till accepted,

and the contract therefore being made in E. county.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1936; Dec. Dig. ☞503(2).]

4. CORPORATIONS ☞503(2)—VENUE—CAUSE OF ACTION—VERBAL PROMISE OF INSURANCE AGENT.

Plaintiff's application for insurance in defendant corporation, providing that it and the policy issued thereon shall constitute the entire contract, and that defendant shall not be bound by any statement unless incorporated in the application, no verbal agreement of the soliciting agent with plaintiff as to return of the premium under certain conditions, is enforceable against defendant, so as to be basis for the twenty-fourth exception to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, as to venue, that action against a private corporation may be brought in the county where the cause of action or any part of it arose.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1936; Dec. Dig. ☞503(2).]

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Action by H. L. Trammell and others against the San Antonio Life Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with instructions.

Jno. F. Onion, of Dallas, and Munson, Williams & Munson, of Angleton, for appellant. Graves & Graves, of Houston, Gaines & Corbett, of Bay City, and R. C. Gaines and Masterson & Rucks, all of Angleton, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against appellant to cancel a contract of insurance, and to recover the premium paid for the insurance issued under said contract. For the purposes of this opinion we adopt from appellees' brief the following summary of the allegations of plaintiffs' petition:

"This was a suit by and for the use and benefit of the Angleton State Bank against the defendant San Antonio Life Insurance Company for the recovery of $13,512; H. L. Trammell and E. J. Hodges being nominal plaintiffs in said suit, asserting no individual rights, but acting as the bank's medium, and suing alone for its use and benefit.

"Plaintiff alleged: That on the 11th day of September, 1913, the said Trammell and the defendant insurance company, acting through its agent, Porter M. Travis, subject to and contingent upon certain antecedent terms and conditions, in the office of the Angleton State Bank at Angleton, Tex., made a certain contract, and as a part thereof and incident thereto Trammell made application to defendant insurance company for a policy of insurance upon his life in the sum of $400,000 to better secure a $400,000 loan on Trammell's plantation in Brazoria county, Tex. That said insurance company and its agent, Porter M. Travis, and one E. C. Wooddell, then and there contracted to procure, or failing in that to make the said Trammell a $400,000 loan upon his plantation, and defendant insurance company further contracted to receive said application for insurance, subject to said antecedent conditions that he have issued and delivered to him or some trustee for the purpose of carrying out the entire enterprise an insurance policy upon Trammell's life in the specific sum of $400,000 to be used and hypoth-

ecated by him under said general arrangements between all the parties to secure said $400,000 loan, it being specifically understood by all the parties that the $400,000 insurance policy was to be delivered to Trammell and that he was to accept same and pay the first year's premium thereon for the specific and only purpose of its being used as security for said loan, and the policy was not to be delivered to Trammell, and he was not to pay the first year's premium thereon except upon the specific conditions that said defendant and its agent, Porter M. Travis, procure for or make to him said $400,000 loan.

"Plaintiff alleges: That at the time of making said agreement and through all the arrangements between the parties thereto relating to said loan, it was distinctly understood that no money was to be paid on account of such insurance policy, unless the loan was made, or if any premium money was paid prior to the consummation of the loan, it would only be so paid as the necessary means of procuring said loan, and would be held for that purpose alone by defendant and returned by said defendant to Trammell on the failure of said loan. That in pursuance of said agreement and arrangement and subject to its terms and conditions thereafter, to wit, on the 17th of September, 1913, at the special instance and request of said defendant and its agent, P. M. Travis, plaintiff Angleton State Bank, through its said then cashier, E. J. Hodges, for the account of its said coplaintiff herein, H. L. Trammell, paid said defendant insurance company and its said agent, P. M. Travis, the sum of $7,500 in cash. That thereafter, on the 23d day of September, 1913, at the special instance and request of said defendant and its said agent, P. M. Travis, said plaintiff Angleton State Bank, through its then cashier, E. J. Hodges, for the account of said coplaintiff herein, H. L. Trammell, paid to the said defendant insurance company, and to its agent, P. M. Travis, the further sum of $6,012 in cash. That said agreement and arrangement and said contract for insurance and for a loan was made in Angleton, Brazoria county, Tex., and that all parts of said contract, including completion of the loan, delivery of all security, and payment of all money, were to be executed at Angleton, Tex.

Plaintiff alleges: That the said Travis and Wooddell, for the purpose of making said agreement, came to Angleton on September 11, 1913, by way of San Antonio, Tex., and that while in San Antonio they fully advised defendant insurance company and its president, Henry A. Hodge, of their intended trip to Angleton, Tex., and their purposes to make said $400,000 loan to the said Trammell on his plantation, and to better secure the same they desired to have him insure his life in a like sum to be used as collateral security on said loan. That it was then and there agreed between said insurance company, Trammell, and Wooddell that it would undertake the writing of said insurance, and said defendant company made and appointed the said P. M. Travis its agent and representative, with full power and authority to solicit and obtain said insurance in said amount for said purposes upon said Trammell's life, and upon the conditions above stated, with power to receive and deliver said policy to Trammell or some trustee for said purpose, and to in all respects fully represent said defendant company in the procurement, hypothecation, delivery, and subjection of said $400,000 of insurance to the purposes above set out. That defendant insurance company, prior to taking any action upon or making any effort to place said insurance upon said Trammell's life, had full knowledge and was specifically advised through its president, Henry A. Hodge, and its agent, Travis, of the purpose for which said insurance was sought and of the agreements and conditions upon which it was to be paid for. That shortly after defendant insur-

ance company had received said $13,512, and before any insurance was issued, said insurance company and its president, Henry A. Hodge, were again in full knowledge and particularly advised and informed by H. L. Trammell that said money had been paid for said $400,000 of insurance and of the purposes for which same was sought to be used, and of the conditions upon which same was to be delivered to him, and further of said contract and agreement of the defendant's said agent, P. M. Travis, to the effect that said money had been paid to the defendant company through its agent under the solemn agreement that it was to be returned if said loan was not consummated. That said insurance company fully ratified such agreement and agreed that if said loan was not made said money would be returned. That plaintiff was induced to enter into said enterprise and to pay said $13,512 to defendant insurance company under and in consequence of and in reliance upon the following representations made to them at Angleton, Tex., on September 11, 1913, and divers dates and places before and after said date, in person, by correspondence, by telephone, and otherwise, and continued, renewed, and reiterated all through and during said transactions up to and including about April, 1914, by said defendant insurance company, and by its said president, Henry A. Hodge, and by its agent, P. M. Travis, and by them both, and by said E. C. Wooddell independently, to wit, that said defendant insurance company and said Travis and Wooddell could and would procure or make a loan of $400,000 to Trammell on his Retrieve plantation, provided he would further secure said loan by an insurance policy on his life for a like amount. That they were in close touch with large business capital in the city of New York and in London, England, whom they termed their 'Eastern connections,' who were ready and willing and able to make Trammell the said loan. That after said application for insurance had been made and Trammell had given his check for the first year's premium thereon, which said check was to accompany said application and not be presented for payment until said loan was obtained, that being the real agreement of the parties hereto at all times, that the said Travis and Wooddell and said defendant insurance company, in order to induce these plaintiffs or some of them to pay over the actual cash in lieu of Trammell's check, then for the first time represented and insisted that their Eastern connection required that the money for the first year's premium on said insurance policy be actually paid in advance as an evidence of good faith on the part of the plaintiffs, and that Trammell would accept said loan when tendered to him; and then further specifically agreed after said money was then paid it would be returned to them at once on the failure to consummate said loan; and further stated as a fact that the procuring of said loan was an absolute certainty; and as a still further inducement to plaintiffs, they also stated to plaintiffs that unless all of the first year's premium was paid said loan would be canceled, but that if same was paid they would then make at once to plaintiff Trammell a personal advance of $35,000. That plaintiffs believed said statements and representations to be true and relied upon same, and but for such reliance and belief would not have entered upon said enterprise nor paid said money. That each and all of said statements and representations were false and fraudulent, and were known to be so by Travis and Wooddell when made, and were made for the fraudulent purpose of inducing plaintiffs to pay over said $13,512, which said purpose they thereby accomplished. That neither said loan nor any part thereof was ever made or tendered to Trammell, and Travis and Wooddell knew that said loan would never be made, that they had no such connections, and that they would not and were not in a position to procure or make said loan.

"Plaintiff further alleged: That said defendant insurance company, even if it was not an original party thereto, was, long prior to the issuance or tender to Trammell of any such insurance, fully advised and informed of all of said statements and representations and promises so made to plaintiffs and each of them by Travis and Wooddell, and that after its said full knowledge thereof said defendant company aided and abetted the said fraudulent scheme and purpose of Travis and Wooddell by assuring plaintiff Trammell through its president, H. A. Hodge, and otherwise, that said $400,000 loan would be made, and that said Wooddell and Travis were reliable, and that Trammell could rely upon their statements to him. That further relying upon said defendant's said assurances to him, the said Trammell was lulled into inactivity, induced to delay action to procure the return to its rightful owner of said insurance premium so paid to defendant, as aforesaid, and induced to pay said insurance company said $13,512. That immediately upon discovering said fraud plaintiffs repudiated said entire transaction and demanded of defendant the rescission of said contract for insurance and the return of the premium money paid, all of which was refused. That by reason of said fraud inducing and inhering in the same the said contract and application for insurance was invalidated and plaintiffs are entitled to complete rescission, and to be placed in the same condition they were in prior to the making of same, and that the defendant insurance company thereby became and is liable for the repayment and return of said $13,512 and interest thereon to plaintiffs in the manner and form herein set out.

"Plaintiffs alleged in the alternative that the defendant insurance company contracted to furnish to plaintiff Trammell $400,000 of insurance, and that he paid the full amount of the first year's premium, but that said insurance company has failed and refused to procure said insurance, and thereby breached its contract, and is liable to plaintiff in the sum of $13,512 as damages for such breach.

"Plaintiffs prayed for rescission of said alleged contract, and for the return to the rightful owner of the said $13,512, and in the alternative for damages resulting therefrom."

Appellant answered by a sufficient plea of privilege to be sued in Bexar county—the county of its domicile. This plea was by agreement of the parties heard with the case. Subject to its plea of privilege appellant further answered by general denial and special denials of the material allegations of the petition, except as to the execution of a contract of insurance upon which it had procured the insurance policies in favor of appellee Trammell and had received the net premium paid therefor. The answer also contains special pleas and defenses, the nature of which, in view of our holding upon the question of venue, need not be stated.

The cause was tried in the court below without a jury, and judgment was rendered, overruling appellant's plea of privilege, and in favor of appellees for the sum of $13,512.

[1, 2] The undisputed evidence shows that appellant's domicile was, as alleged in its plea of privilege, in Bexar county, that it had no agent in Brazoria county, and that it had not entered into any contract in writing with appellees to be performed in Brazoria county. The nature of the suit and the status of the parties as disclosed by the petition negatives all of the other exceptions to the venue statute which guarantees to all persons the right to have suits against them brought in the county of their domicile, except section 7 of said statute, which provides that in all "cases of fraud" suit may be brought in the county in which the fraud was committed, and section 24, which provides that suit against a private corporation may be brought in the county in which the cause of action or a part thereof arose. The evidence does not sustain either of these exceptions.

It is conclusively shown by the evidence that appellant was not a party to the contract to procure a loan for appellee Trammell, and the acts and statements of Travis in relation to said contract, if conceded to be fraudulent, cannot be charged to appellant. Travis was appellant's agent only for the purpose of soliciting and obtaining applications for insurance and receiving the advanced premiums therefor, and his agreements and contract in regard to obtaining the loan were not made with appellees as the agent of appellant, and there is nothing in the evidence to justify the conclusion that appellees understood that appellant was in any way liable for or bound by the loan contract. All that the evidence shows in this regard is that the president of appellant company knew at the time the application for insurance was made and the premium paid that Trammell's reason for obtaining the insurance was to enable him to secure a loan which Travis and Wooddell were negotiating for him with parties in New York or St. Louis. This knowledge on the part of appellant could not make it liable for any fraudulent acts or statements on the part of Travis in the matter of securing said loan, of which it had no knowledge and which it did not ratify. It is claimed by appellees that appellant is chargeable with fraud committed in Brazoria county because of the fact that its president ratified the agreement of its agent, Travis; that in case the loan was not made the money paid as premium for the insurance would be returned. Trammell testified:

"It was some four or five days after I signed this application for insurance before the first part of the first years' premium was paid, and about that time I had a phone conversation with Mr. Henry A. Hodge, president of the San Antonio Life Insurance Company, about the 15th of September. I called up Mr. Hodge in Houston and told him we were getting in pretty deep water; that a lot of money was being paid out, and me worried and troubled, and asked him if he knew Mr. E. C. Wooddell, and he says, 'No, I don't know him except from correspondence,' but he said, 'I correspond with him and others in New York quite a while,' and he says, 'From what I learned from that correspondence, he is all right in every respect,' and he said, 'Mr. P. M. Travis, our agent, whom I have known for a long time, and who is thoroughly reliable, was sent to New York by me,' and he said, 'Beyond a question of doubt he is all right, and is able to do what he says he can.' And I asked him if the money would be

returned; that is, the premium, if the loan was not made, and he said, 'Yes, it will,' and I asked him if he would confirm that by letter, and he said, 'Write Mr. Travis; he is handling your case, and he will write you.' That was the extent of our conversation. A few days after that I wrote Mr. Travis in reference thereto, and I felt sure then that the loan would be made, and I ratified the paying of the insurance money."

The accuracy of this statement is denied by Hodge, who testified that he told Trammell in this conversation over the telephone that his money would be returned to him in event his application for insurance should not be accepted, but for the purpose of determining the correctness of the trial court's holding upon the plea of privilege we must take the statement of Trammell as true.

Taking the testimony of Trammell as to the statements made by Hodge as true, it certainly does not show fraud committed in Brazoria county. If Hodge's promise that the premium would be returned was made for the purpose of inducing Trammell to pay said premium and Hodge at the time of making said promise had no intention of complying therewith, such representation would constitute fraud. But Hodge, when making such representation, was at San Antonio in Bexar county talking over the telephone to Trammell at Houston in Harris county, and it is clear that if such representations make a case of fraud such fraud was not committed in Brazoria county.

[3] We cannot agree with the further contention of appellees that the suit was maintainable in Brazoria county on the ground that the cause of action or a part thereof arose in said county. The written application for insurance was signed by Trammell in Brazoria county and sent to appellant in Bexar county. The application did not constitute a contract until it was accepted by appellant, and therefore the contract was made in Bexar county, and any cause of action growing out of this contract cannot be said to have arisen in whole or in part in Brazoria county. Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co., 146 S. W.. 225.

[4] There is nothing in the application in regard to a return of premiums in event Trammell failed to receive a loan. It states that Trammell applies to appellant for $400,-000 insurance on his life at an annual premium of $13,512, and that he has paid to appellant's agent, Porter M. Travis, at Dallas, Tex., $13,512, the first year's premium. It also contains the following provision:

"I hereby agree that this application and the answers made to the medical examiner and the policy applied for shall constitute the entire contract between the parties hereto.

"Henry Lee Trammell.

"This application and the policy or policies issued in consequence thereof shall constitute the entire contract of insurance, and the company shall not be bound in any way by any statement made by or to any agent or other person, unless such promise, statement, or information be reduced to writing and submitted to the company in this application."

Under these provisions of the application, which appear upon its face, no verbal agreement made by Travis as agent of appellant is enforceable against appellant, and cannot therefore be a basis for sustaining a suit against appellant in Brazoria county.

It follows from what we have said that the trial court erred in overruling appellant's plea of privilege, and the first assignment, which complains of the judgment on this ground, must be sustained. The other questions presented by the appeal will not be discussed, and are not passed upon.

For the error indicated the judgment of the court below is reversed, and the cause remanded, with instructions to the trial court to enter an order transferring the case to the district court of Bexar county, as directed by article 1833, Vernon's Sayles' Civil Statutes.

Reversed and remanded, with instructions.