## SANDERS v. ELBERTA FRUIT CO.
### (No. 1675.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1916.)

**1. Principal and Agent ⊙≈155(1)—Liability of Agent.**

Where the manager of a fruit company undertook to handle and sell a farmer's tomatoes solely for the interest and benefit of the farmer, the legal relation between the manager and the farmer was that of principal and agent, and the manager individually, and not the fruit company, was liable to the farmer for prices realized from the sale of the tomatoes.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 574, 578; Dec. Dig. ⊙≈155(1).]

**2. Principal and Agent ⊙≈103(1)—Liability of Agent—Contract.**

Where the manager of a fruit company purchased a farmer's tomatoes for the fruit company, and agreed to pay a fixed price, the farmer could recover of the fruit company such price, unless the manager was not acting within his powers as agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278, 281, 358, 367; Dec. Dig. ⊙≈103(1).]

**3. Principal and Agent ⊙≈24—Action on Agent's Contract Taking Case from Jury.**

In an action against a claimed principal on a contract made by its agent, the court may take the case from the jury only if there is not sufficient evidence tending to prove agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 722, 723; Dec. Dig. ⊙≈24.]

**4. Principal and Agent ⊙≈124(3)—Authority of Agent—Purchase—Question for Jury.**

In a farmer's action against a fruit company to recover an agreed price for tomatoes, which plaintiff claimed the fruit company had bought through its manager, whether the manager, as agent, was acting within the scope of his authority, so as to bind his principal by a purchase of plaintiff's tomatoes, *held* for the jury.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ⊙≈124(3).]

**5. Principal and Agent ⊙≈123(7)—Dealing with Agent — Failure to Make Inquiry—Effect.**

In an action by a farmer against a fruit company for the price of tomatoes, which plaintiff claimed defendant had purchased through its manager, the circumstance that plaintiff, in dealing with the manager, made no inquiry, and did not ask if he was acting for the fruit company, could not be regarded as conclusively showing a want of any contract to sell to the fruit company.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 426; Dec. Dig. ⊙≈123(7).]

**6. Principal and Agent ⊙≈124(3)—Dealing with Agent — Prudence — Question for Jury.**

In a farmer's action against a fruit company for the price of tomatoes claimed to have been purchased through its manager, whether plaintiff failed to use reasonable prudence in dealing with the manager, as agent of the fruit company, *held* for the jury under the evidence.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ⊙≈124(3).]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Action by Joe A. Sanders against the Elberta Fruit Company. From a judgment for defendant, plaintiff appeals. Judgment reversed, and cause remanded.

N. W. Brooks, of Tyler, for appellant. J. A. Bulloch, of Tyler, for appellee.

LEVY, J. The appellant claims that the appellee, a private corporation, is indebted to him in the sum of $141.97 for a certain number of pounds of tomatoes sold and delivered to its authorized agent at Bullard, Tex., in June, 1915. And the appellee pleads a denial of the purchase of the tomatoes by it or by any one having authority from it to do so. The court, after all the evidence was in, peremptorily instructed the jury to return a verdict in favor of the defendant. And the question presented for review on appeal is that of error or not in giving the peremptory instruction.

[1, 2] As disclosed by the evidence, the Elberta Fruit Company is a private corporation for the purpose of general farming and growing and selling fruit and vegetables. The terms of the charter do not extend to buying fruit and vegetables of outside parties, and the company had never purchased fruit and vegetables grown by other persons. The appellee has its farm at Bullard, Tex. Fred J. Sackett is the manager, and has been for eight years, of the farm for the company, and is the only person authorized to transact its business. In the season of 1915 the appellee had grown a large crop of tomatoes to be sold in the Northern markets. Appellant, a farmer near Bullard, raised a tomato crop during the season of 1915, and, it appears, delivered to Mr. Sackett at Bullard, on June 11, 1915, 2,350 pounds of tomatoes and also 907 pounds of tomatoes, and on June 15, 1915, 2,490 pounds of tomatoes. There is a clear difference, as disclosed by the evidence, between the testimony of appellant and that of Mr. Sackett as to whether appellant was to be paid for the tomatoes the fixed market price of the day of delivery of 2½ cents per pound for the 907 pounds, and 3 cents per pound for the remainder, or appellant was to receive such amount of money as was actually realized for the tomatoes when shipped to and sold in the Northern markets by Mr. Sackett. This disputed matter rests, though, it may be said, upon the determination of the ultimate

fact of whether or not in handling the tomatoes of appellant Mr. Sackett was acting solely for the benefit and account of appellant as sales agent for him, or purchased the tomatoes at Bullard as agent and for and in behalf of the Elberta Fruit Company; for the evidence of appellant goes to show a sale and purchase of the tomatoes at Bullard for a fixed price by Mr. Sackett for and in behalf of the Elberta Fruit Company; and the evidence in behalf of appellee goes to show that, in undertaking to handle the tomatoes of appellant, Mr. Sackett was doing so solely as sales agent for the appellant, and without charge therefor, or as an accommodation to appellant. Thus, if it be true that the handling and selling of the tomatoes was undertaken by Mr. Sackett, as he contends, solely for the interest and benefit of appellant, then clearly the legal relation between appellant and Mr. Sackett is that of principal and agent, and Mr. Sackett individually, and not the Elberta Fruit Company, would be liable to appellant for such prices as was realized from the sale of the tomatoes in the shipment to the Northern markets. But if it be true that Mr. Sackett, as claimed by appellant, purchased the tomatoes at Bullard for and in behalf of the Elberta Fruit Company and agreed to pay a fixed price for them, then the appellant may recover of the Elberta Fruit Company such agreed price, unless it further appears that the appellant has no right or claim against the Elberta Fruit Company thereon because Mr. Sackett was not acting within his powers as agent so as to bind his principal. And upon the facts of the present record it may not be said, it is believed, as a matter of law, that Mr. Sackett did not have the requisite authority to bind his principal by the particular contract of purchase, if it be true that he was acting in behalf of the fruit company and not solely as sales agent for appellant. There is no dispute in the evidence that Mr. Sackett was in fact the manager for the Elberta Fruit Company, and there is ample evidence going to support a finding, if so made, that he was acting for the Elberta Fruit Company in the handling and disposing of the tomatoes. There is evidence to show that the draft for each car of tomatoes sold was drawn on the consignee for the account of the Elberta Fruit Company, and when the drafts were paid the money was deposited in the bank to the credit of the Elberta Fruit Company. Mr. Sackett paid the employés loading the cars, and the outside tomato growers, in checks on the bank, which checks were signed, "Elberta Fruit Co., by Fred J. Sackett, Manager." As testified by Mr. Sackett:

"The Elberta Fruit Company had a large crop of tomatoes in the season of 1915, and so did the Douglas farm, of both of which I had the management. For convenience in handling and disposing of crops from these farms, and to enable me to load the tomatoes from these farms in carload lots, I agreed with the other tomato growers to handle their tomatoes with mine. * * * It was solely for the purpose of enabling me to ship the tomatoes of Elberta Fruit Company and those of the Douglas farm in carload lots that I undertook to handle the tomatoes of other growers. It was greatly to the advantage of Elberta Fruit Company to have its tomatoes shipped and sold in carload lots. * * * I bought some cash tomatoes to put in the cars. Those that I paid cash for I made a difference of 15 to 20 cents per crate less than the prices given to the customers of the merchants."

[3, 4] The court may only take the case from the jury if there is not sufficient evidence tending to prove agency. Bradstreet Co. v. Gill, 72 Tex. 115, 9 S. W. 753, 2 L. R. A. 405, 13 Am. St. Rep. 768; 1 Clark & Skyles on Agency (Ed. 1905) § 70. And in the evidence it would appear that Mr. Sackett, as manager for the Elberta Fruit Company, had authority to ship the tomatoes in carload lots. The question then is whether it was within the scope of his authority, as such agent, to purchase tomatoes from other parties "solely for the purpose," as Mr. Sackett testifies. "of enabling me to ship the tomatoes of Elberta Fruit Company and those of the Douglas farm in carload lots." As further said:

"It was greatly to the advantage of the Elberta Fruit Company to have its tomatoes shipped and sold in carload lots."

The purchase, if done, of other tomatoes would be with the purpose of promoting the business of the principal, by making it to the advantage and profit of the principal of shipping in carload lots. Having the authority, as Mr. Sackett had, of shipping and selling the tomatoes of the Elberta Fruit Company in carload lots, such authority would carry with it, as an incident, all the powers which are necessary, proper, usual, and reasonable as a means of effectuating the purposes for which the original authority of shipping and selling to the best advantage was conferred. It is the rule that incidental powers, or such powers as are necessarily and reasonably incidental to the actual authority, are elements that go to make up an agent's apparent scope of authority. See rule in McAlpin v. Cassidy, 17 Tex. 449; 1 Clark & Skyles on Agency, § 209; 31 Cyc. p. 1344, subd. 5. So it may not be held, as a matter of law, that the evidence fails to show that Mr. Sackett, as agent, was acting within the scope of his authority so as to bind his principal by a purchase, if made, of tomatoes of the appellant.

We have not attempted to set out all the evidence in the record. But upon considering all the evidence, we have concluded there was error in giving a peremptory instruction.

[5, 6] Appellee argues, besides other points, that appellant may not recover, because appellant, in dealing with Mr. Sackett, never made inquiry and did not ask Mr. Sackett whether he was acting for the Elberta Fruit Company or not in taking the tomatoes. This particular circumstance, in view of the other

circumstances in evidence, may not be regarded as conclusively showing a want of any contract to sell the Elberta Fruit Company the tomatoes. And the circumstances in evidence concerning the dealing of appellant with Mr. Sackett are of that force and extent that the court may not hold, as a matter of law, that appellant failed to use reasonable prudence in dealing with Mr. Sackett as agent of the Elberta Fruit Company.

The judgment is reversed, and the cause remanded for trial.