**KASCH et al. v. WILLIAMS et al.    (No. 6944.)**

(Court of Civil Appeals of Texas. San Antonio. May 2, 1923. Rehearing Denied May 23, 1923.)

**1. Venue ⚖️8—Fraudulent representations not within scope of agency do not give jurisdiction of action against principal in court of county where fraud was perpetrated.**

Fraudulent acts or representations by an agent not acting within the real or apparent scope of his agency do not bind his principals, so as to give jurisdiction of an action against them to the court of the county in which the fraud was perpetrated as against their plea of privilege to be sued in the county of their residence, unless afterwards ratified by them.

**2. Principal and agent ⚖️166(4)—Shipment not ratification of agent's verbal representation of which principal had no knowledge.**

Shipment of seed on the terms of a printed contract signed by buyers held not a ratifi-

cation of verbal representation by the sellers' agent, in the absence of evidence that sellers knew of them.

**3. Venue ⚖️8—Placing tags in seeds representing quality as fraudulently represented by sellers' agent not ratification of representations so as to fix venue in county wherein made.**

The placing of tags in sacks containing seed, representations as to the quality of which were printed on the tags, held not a ratification by the sellers of similar representations by their agent, so as to give jurisdiction of an action for fraud to the court in the county in which the agent's representations were made, instead of the county of the sellers' residence, wherein the seeds were to be delivered to the carrier and the money paid, though such tags might form a basis for damages for fraud.

**4. Principal and agent ⚖️148(2)—Sellers notifying buyers in printed order that agent had no authority to make representations not evidenced by such order not bound by agent's representations.**

Sellers notifying the buyers in a printed order signed by the latter that the agent taking the order "has no authority to make any representations or contract not evidenced by the printed conditions hereon," etc., held not bound by the agent's representations of which they had no knowledge.

**5. Principal and agent ⚖️148(2)—Notice of limitations on agent's authority to waive or alter contract may be given by terms thereof.**

Effective notice of limitations on an agent's authority to waive or alter a contract may be given by the terms of the contract.

**6. Venue ⚖️8—Fraudulent representations as to germinating qualities of seed not mere future promise.**

A representation as to the germinating qualities of seed sold is not a promise of something in the future, but a representation as to germinating activities in them at the time, and hence imposes no burden on the buyer in an action for fraud therein to show an exception to the venue statute so as to give jurisdiction to the court of the county in which the fraud was perpetrated rather than in the county wherein the contract was to be performed.

**7. Venue ⚖️18—Right to trial in defendant's own county not denied except on clear and, convincing proof.**

No one should be deprived of his right to trial of an action affecting his life, liberty, or property in his own county except on clear and convincing proof, and any doubt should be resolved in favor of the right.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by T. L. Williams and others against Ed. Kasch and others. From an interlocutory order overruling a plea of privilege, defendants appeal. Reversed and rendered.

---

R. E. McKie, of San Marcos, for appellants.

Walker & Baker, of Cleburne, for appellees.

FLY, C. J. This is an appeal from an interlocutory order of the lower court overruling a plea of privilege of appellants to be sued in Hays county, Tex., instead of Johnson county, where they were sued. The suit was to recover damages in the sum of $2,950, on account of fraud practiced upon appellees by the duly authorized agent of appellants in Johnson county, and venue was sustained in that county because of fraud perpetrated therein. Appellants denied the authority of the agent, Stufflebeme, to make any representations as to the quality of the cotton seed sold by him to appellees. Appellees alleged that Stufflebeme, acting as agent, had represented to appellees that 95 per cent. of the cotton seed would germinate, while in truth and in fact only 47 per cent. of them would germinate or did germinate.

In the printed contract for the seed signed by appellees it was provided:

"I understand that the agent taking this order has no authority to make any representation or contract not evidenced by the printed conditions hereon, and has no authority to change or modify said terms, and that this order is taken subject to acceptance by said Ed. Kasch."

It was also provided in the contract:

"Seller is not liable in case of partial or total crop failure from seed sold under this order," and the amounts due for cotton seed were made payable in San Marcos, Tex.

[1] The propositions are, in substance, that the whole contract was embodied in the written instrument and no verbal representations of the agent could bind appellants; that the representation as to germination of the seeds was a promise of something in the future; and that the burden rested on appellees to show an exception to the venue statute. If the agent was not acting within the scope of his agency, real or apparent, his fraudulent acts or representations could not bind appellants and give jurisdiction to the court in Johnson county over the protest of appellants unless such acts were afterwards ratified. In other words, unless the fraud of Stufflebeme was the fraud of appellants originally or by ratification, they have the right to be sued in Hays county.

[2, 3] There was proof to the effect that Stufflebeme was the lawfully authorized agent of appellants in the sale of the cotton seed, and that, although the pamphlet stated his representations should not bind his principals, they in filling the order made the same representations through tags placed in the sacks containing the seed. On those tags were printed:

251 S.W.—52

"Kasch pedigreed cotton seed. Purity of variety, 100 per cent.; foreign matter ¾ of 1 per cent.; weed seed none; germination 95 per cent.; of U. S. standard; tested by Ed. Kasch, Oct. 1, '20. Grown at San Marcos, Texas. Seeds man, Ed. Kasch, San Marcos, Texas. Weight 128 pounds."

At the time that the tags were placed in the sacks appellants knew nothing of the representations made by the agent. The allegation that the shipment of the seed after the representations were made was a ratification of the verbal representations is not sustained because there is no evidence indicating that the appellants knew of the representations and the shipment was made on the terms of the printed contract signed by appellees. It is not pleaded that the placing of the tags in the sacks was a ratification of the representations of the agent. The representations on the tags were made in connection with the contract which was to be performed in Hays county. The seed were delivered on cars in San Marcos and the money then was to be paid in San Marcos. While the tags might form a basis for damages for fraud, the venue would be in Hays county.

[4] The representations made by the agent to appellees in Johnson county did not bind appellants. They knew nothing of the representations and had used all the diligence in their power to prevent appellants from accepting such representations by notifying appellants in the printed order signed by them that the agent taking the order "has no authority to make any representation or contract not evidenced by the printed conditions hereon, and has no authority to change or modify said terms, and that this order is taken subject to acceptance by said Ed. Kasch." The literature for which appellants were responsible did not mislead appellees, for Williams swore that the representations of the agent alone influenced him in making the purchase. The purchase had been consummated when appellants saw the tags, which were placed in the sacks. Appellants do not claim any misrepresentations upon which they acted except those made by Stufflebeme.

[5] Notice of limitations upon the agent's authority to waive or alter the contract may be given by the terms of the contract itself and will be effective. Mechem on Agency, § 905; Railway v. McKinney, 55 Tex. 176; Cole v. Bammel, 62 Tex. 108; Ins. Co. v. Wagner, 10 Tex. Civ. App. 398, 30 S. W. 959; Loan Co. v. Thomas, 28 Tex. Civ. App. 379, 67 S. W. 457. As said by this court in Ins. Co. v. Wagner:

"It would be subversive of one of the fundamental principles governing the law of agency to hold that, when notice of the authority conferred upon an agent is given in writing, persons dealing with him could claim notice to the principal through the agent, in regard to matters about which it is expressly declared that he shall not have power to act."

As said by the Court of Civil Appeals of the First District through Judge Pleasants, in Loan Co. v. Thomas, herein cited:

"If the precautions taken by appellant to prevent its becoming liable for the unauthorized acts of its agent, as shown by the evidence in this case, failed to accomplish that purpose, then we can conceive of no way in which it could protect itself against such liability."

[6] The representation, if made, as to the germination of seeds, was as to the germinating qualities then and was not as to some matter in the future. If the representation was made that the seed had germinating activities in them, it meant they possessed it at the time.

[7] The right to be heard before a jury of the vicinage, of the defendant, is one sanctified by time and the struggles of English speaking people, and no exception to that old rule and ancient right should be tolerated unless it is shown beyond doubt that the exception is sustained by the facts. No man should be deprived of the valuable right to have any action affecting his life, liberty, or property tried in his own county except upon clear and convincing proof, and whenever the evidence makes a doubtful case, the doubt should be resolved in favor of the individual right.

The judgment will be reversed and here rendered that the plea of privilege be sustained and the venue changed from Johnson county to Hays county, and it is the order of this court that the clerk of the district court of Johnson county make up and prepare a transcript of all the orders given in this cause and certify the same, together with this order, officially under the seal of the district court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Hays county, Tex.