### FRITZ v. SKILES.

### No. 1615.

Court of Civil Appeals of Texas. Eastland.

May 28, 1937.

Rehearing Denied July 9, 1937.

Milburn McCarty, of Eastland, for appellant.

R. E. Grantham, of Cisco, for appellee.

GRISSOM, Justice.

About May 6, 1931, the defendant, Asa Skiles, signed a written order for certain advertising service from plaintiff. The instrument contained the provision: "Written notice sent to buyer by first class mail shall constitute acceptance hereof by seller." The plaintiff accepted said order and gave notice thereof in the manner provided for therein on May 12th. On May 15th the defendant wrote plaintiff refusing to abide by the contract and asserting his right to cancel same because plaintiff's agent who procured the order (or offer to puchase) had verbally represented to defendant that defendant would have the right to cancel the order after its acceptance by the plaintiff. The contract provided: "Neither buyer nor seller is bound by any verbal agreements or representations, and this contract is not subject to cancellation." The first shipment of advertising matter was returned by defendant; subsequent installments were delivered by the authorities to defendant who stacked them unused in a corner of his store. All installments called for in the contract were mailed by plaintiff and delivered to or rejected by the defendant.

The question to be decided is whether or not when the seller's agent presents to the buyer an order which the buyer signs and which is accepted by the seller, which order contains the provisions hereinbefore quoted, does the law permit the purchaser, under the facts of this case, to thereafter assert as a defense to a suit for the purchase price, based on such contract, that the seller's agent

verbally represented to the buyer that buyer would have the right of cancellation, such right being expressly denied by the terms of the written order?

Defendant was not prevented by plaintiff's agent from reading the order, if he did not read it. Defendant testified that he signed the order "primarily to get rid of the man because I was busy." When asked if he read the order at the time he signed it, he answered: "I didn't in its entirety, no sir." He also testified he did not "think" he read it because "I told him that I didn't have time." He did not testify that he did not read or know of the written provisions of the contract prohibiting cancellation and limiting authority of the agent. 20 Tex.Jur. § 36, p. 62. The defendant testified that plaintiff's agent was persistent and "a high-powered salesman"; that the agent told him the order had to be accepted by plaintiff before it became a binding contract; that defendant told the agent he would sign the order, reserving "the right to think it over and either to confirm it or reject it after your company has passed on it," to which the agent replied: "All right, sign it then and I will send it in and you will have the right to accept it or reject it after my company has confirmed it." Defendant's order of May 6th was accepted by plaintiff on May 12th. On May 15th defendant wrote plaintiff that he "didn't want the contract." "I wrote them in accordance with what mine and the salesman's understanding was and not according to the contract, and I don't remember what date I wrote them; but I will say that I don't remember having written them anything about any contract except about mine and the salesman's understanding that I was to have the privilege of accepting or rejecting the material that was to come with the contract." There is no evidence that plaintiff's agent misrepresented the contents of the written instrument. There is no evidence that said agent had actual authority to make the representations complained of, nor is there any evidence showing apparent authority to do so. Nor, is there any evidence of ratification by the seller.

In the absence of ratification or estoppel, the principal is not bound by the acts of the agent beyond the scope of the agent's actual and apparent authority. Sanders v. Elberta Fruit Co. (Tex.Civ.App.) 190 S.W. 817; Planters' Cotton Oil Co. v. Guaranty State Bank of Mertens (Tex.Civ. App.) 188 S.W. 38. Here it was made known to the defendant that the agent was merely soliciting orders for his principal, the orders to be made on a printed form (which form contained specific limitations on the authority of the agent and a stipulation prohibiting cancellation), and that such order, to be effective as a binding contract, had to be accepted in writing by the seller principal. A salesman soliciting orders under such known circumstances must be presumed to have authority only to solicit and take orders on such form and transmit them to the principal for acceptance or rejection, and the defendant asserting greater authority in such agent has the burden of proving such broader authority, or ratification by the principal. Cohen v. Saffer, 43 Ga.App. 746, 160 S.E. 130; Fairbanks Morse & Co. v. Dale & Co., 172 Miss. 271, 159 So. 859; Peaslee-Gaulbert Co. v. Rogers, 220 Ky. 338, 295 S.W. 137, 55 A.L.R. 377. No such proof was made in this case.

This case is in many material respects similar to the case of Lay v. Midland Farms Co. et al. (Tex.Civ.App.) 8 S.W.(2d) 230, 234, 235 (writ ref.). So far as is here material the facts of that case were that Midland Farms Company had lands for sale and C-Ranch Cotton Lands Company was its agent to sell it. The contract between Midland Farms Company and its agent restricted the authority of said agent. Said agent presented to the buyer and he signed an application to purchase the lands from Midland Farms Company. The written application contained provisions to the effect that the buyer had examined the land for himself and was not relying on representations not contained in the contract, and that seller's agent was not authorized to make any representations not therein contained. Substantially the same provision was contained in the contract to purchase the land which was also signed by Lay. Lay brought suit to rescind said contract of purchase alleging that the seller's agent made certain false and fraudulent representations to him for the purpose of inducing him to enter into the contract. One of the representations alleged was that seller would furnish an abstract. The contract expressly provided to the contrary. The contract provided that it was not to be effective until signed by the seller. The court instructed a verdict for the seller. The case was affirmed by the El Paso Court of Civil Appeals in an opinion by Justice Walthall. The Supreme Court refused a writ of error. The purchaser Lay presented four propositions to the Court of

Civil Appeals for a reversal of the judgment, the propositions being in substance "that the suit to rescind the contract for the purchase of the land is based upon the alleged representations made to appellant which induced him to enter into the contract; that the representations were false and fraudulent; and that sufficient evidence was offered to the trial to show that such representations were made and that they were in fact false and fraudulent"; and that, therefore, the court erred in instructing a verdict for the seller. The court said:

"We have concluded that under the undisputed facts and by reason of the terms and provisions of the instruments in writing * * * appellant was not entitled, as a matter of law, to have a rescission of his contract of purchase of said land. * * * Appellant does not plead and the evidence does not show that appellee Midland Farms Company, at any time or in any way ratified any of the representations alleged to be false; nor does the evidence show that the Midland Farms Company, or any of its officers, or any one authorized to speak for said appellee, made any of the alleged representations or promises. As we view it, there was no issue of fact to be submitted to the jury, and the court was not in error in instructing a verdict for defendants.

"By the written instruments introduced in evidence appellee Midland Farms Company placed a limit upon the authority of its agent or broker to speak for it or to waive or alter any matter contained in the contract of appointment, and in the application to purchase and in the contract to purchase appellant recognizes that appellee has done so and assures appellee, the seller, that no representation such as is pleaded has been made. Such limitations upon its agent's authority as are found in the written appointment of the C-Ranch Cotton Lands Company as the agent or representative of the seller may be given by the terms of the contract itself, and will be effective. Kasch et al. v. Williams et al. (Tex.Civ.App.) 251 S.W. 816, and cases referred to. To the same effect also is San Antonio Life Ins. Co. v. Trammell (Tex. Civ.App.) 188 S.W. 718."

█ We are of the opinion that a buyer who signs an order (or offer to purchase) containing a provision that it is not subject to cancellation cannot, under the situation here disclosed, rely upon a representation of seller's agent that it may be canceled, the buyer not being prevented from reading the contract and having no legitimate excuse for failing to do so, and there being no misrepresentation of the contents of the instruments, and when said agent in making said representations is, as is shown by the written order or contract, without authority to make such representations, and is not acting within the apparent scope of his authority, and it being made known to the buyer that the agent is soliciting orders on a printed form which must be signed by buyer and accepted by seller before it becomes a binding contract. This should especially be true where, as in this case, the instrument is made by its terms a complete offer for the consideration and acceptance or rejection of the seller and contains an express limitation on the authority of its agent, and contains a plain and specific provision directly contradictory of the agent's promissory representation or opinion as to the future rights of the party making the written offer. Inner Shoe Tire Co. v. Treadway et al. (C.C.A.) 286 F. 838; L. D. Powell Co. v. Sturgeon (Tex.Civ.App.) 299 S.W. 274; Bogata Merc. Co. v. Outcault Advertising Co. (Tex.Civ. App.) 184 S.W. 333; Diamond Mill Co. v. Adams-Childers Co. (Tex.Civ.App.) 217 S. W. 176; Jackson v. E. L. Rice & Co. (Tex. Civ.App.) 295 S.W. 352.

We think the quotation from the Lay Case is applicable here and that said decision is decisive of the instant case. Also see Kasch v. Williams (Tex.Civ.App.) 251 S.W. 816; San Antonio Life Ins. Co. v. Trammell (Tex.Civ.App.) 188 S.W. 718; Inner Shoe Tire Co. v. Williamson (Tex. Civ.App.) 240 S.W. 330; National Guarantee & Loan Co. v. Thomas, 28 Tex.Civ.App. 379, 67 S.W. 454, 457; Home Benefit Ass'n v. Griffin et al. (Tex.Civ.App.) 10 S.W.(2d) 568; Texas Co-op. Inv. Co. v. Clark (Tex. Com.App.) 239 S.W. 198; Jesse French Piano & Organ Co. v. Garza & Co., 53 Tex. Civ.App. 346, 116 S.W. 150; Shary v. Helmick (Tex.Civ.App.) 90 S.W.(2d) 302 (writ dis); Cameron v. National Equitable Soc. of Belton (Tex.Civ.App.) 174 S.W. 703; Blackstad Merc. Co. v. J. W. Porter & Co. (Tex.Civ.App.) 158 S.W. 216; Bybee v. Embree-McLean Carriage Co. (Tex.Civ. App.) 135 S.W. 203; 20 Tex.Jur. § 36, p. 62 et seq.; 2 C.J. § 733, p. 964; Lerner v. Roth (Sup.) 136 N.Y.S. 61. See, also, Aetna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S.W. 915; Home Ins. Co. v. Lake Dallas Gin Co. (Tex. Com.App.) 93 S.W.(2d) 388, 391; McCormick v. Kampmann, 102 Tex. 215, 219, 115 S.W. 24.

We have not considered the amended findings of fact and conclusions of law objected to by appellee.

For the reasons stated the judgment of the trial court is reversed and judgment rendered for appellant.

Reversed and rendered.