**GENERAL OFFICE SERVICE CO. v. LETBETTER.**

No. 2739.

Court of Civil Appeals of Texas. Eastland.

June 17, 1949.

Rehearing Denied July 8, 1949.

Fred S. Abney II, Brownwood, for appellant.

Wilkinson & Griffin, Brownwood, for appellee.

GRISSOM, Chief Justice.

General Office Service Company sued Elmo Letbetter on an open account for merchandise sold to him by the United Laboratories, Inc. and, in the alternative, upon written orders for the merchandise signed by Letbetter, plaintiff alleging that the balance owing on said account and orders had been assigned to it by the seller.

In a trial to the court, judgment was rendered for defendant and plaintiffs have appealed.

The court found (a) that plaintiffs failed to prove a valid assignment of the account for a valuable consideration; (c) that the merchandise sold to Letbetter was not as represented; that plaintiffs knew such merchandise was not as represented and not suited for the purpose for which it was sold and such representations were, therefore, fraudulent and that defendant relied on said fraudulent representations and but for such fraudulent representation, would not have purchased the merchandise. All other findings are deemed immaterial.

The court erred in refusing to admit the testimony of Fred R. Stroupe that the claim sued on had been assigned by the seller to appellant. The record reveals that he knew as a fact that the claim had been assigned. The inquiry was not as to the contents of the written assignment. Since the appellee was the original obligor the question as to the consideration for the assignment was immaterial. Hughes v. Dopson, Tex.Civ.App., 135 S.W.2d 148, 149; 5 Tex.Jur. 27; Neblett v. Barron, Tex.Civ.App., 160 S.W. 1167, 1168; 17 Tex.Jur. 479; Salinas v. Salinas, Tex.Civ.App., 77 S.W.2d 568, 569.

We sustain appellant's point complaining of the court's finding (c) that the merchandise was fraudulently misrepresented. The contracts signed by appellee for the purchase of the merchandise expressly provided that no representation of the salesman should be binding upon the

seller, unless written into the order. It contained recitals that the company expressly denied liability and assumed no responsibility for the application or resale of the materials purchased on said orders, and that if a representative of the company supervised its application or installation he did so as the agent of the purchaser. The instrument recited that these conditions were agreed to by the purchaser as a part of the order. Mr. Letbetter testified that all of the representations made to him, which were found by the court to be fraudulent, were made by the salesman and that none was made by the seller, by advertising or otherwise. The purchaser knew that the salesman in supervising the application of the materials was acting as his agent and not as agent of the seller. Parties signing such contracts are chargeable with notice of the express limitations therein on such an agent's authority and cannot assert that such agent made false representations not contained in the written instrument and the seller is not bound thereby. Barnebey v. Barron G. Collier, Inc., 8 Cir., 65 F.2d 864; Lay v. Midland Farms Co., Tex.Civ. App., 8 S.W.2d 230, 235; Fritz v. Skiles, Tex.Civ.App., 107 S.W.2d 768, 770; Kasch v. Williams, Tex.Civ.App., 251 S.W. 816, 817; Home Ins. Co. of New York v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W.2d 388, 391; Texas State Mut. Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089, 1090; Cole v. Bammel, 62 Tex. 108, 113; Houston & T. C. Ry. Co. v. McKinney, 55 Tex. 176, 183; Cameron v. National Equitable Society of Belton, Tex. Civ.App., 174 S.W. 703, 704; Bybee v. Embree-McLean Carriage Co., Tex.Civ. App., 135 S.W. 203, 205; National Guarantee Loan & Trust Co. v. Thomas, 28 Tex. Civ.App. 379, 67 S.W. 454, 458.

The applicable rule was thus stated by Judge Pleasants in Blackstad Mercantile Company v. J. W. Porter & Co., Tex.Civ. App., 158 S.W. 216, 219: "The contract expressly provides that no statement made by plaintiff's agent, unless it was written in the contract, should be considered as a part of the agreement. Defendant is bound by this provision of the contract,

and, if plaintiff's agent had made promises or agreements other than those in the written contract, plaintiff would not be bound thereby."

The judgment is reversed and the cause remanded.