**CLARY & SONS PLUMBING & HEATING v. LOCAL TRADEMARKS, Inc.**

No. 2940.

Court of Civil Appeals of Texas. Eastland.

June 27, 1952.

Rehearing Denied July 19, 1952.

A. A. Heathington, Abilene, for appellant.

Cummings & Mote, Abilene, for appellee.

GRISSOM, Chief Justice.

Clary & Sons Plumbing & Heating, acting through a partner, Mr. R. C. Clary, signed an order addressed to Local Trademarks, Inc., presented to him by N. A. Crain, wherein the Clarys authorized Local Trademarks, Inc., to ship to them "Fifty-Two (52) mats size about 1 Col. and read-

-ing matter," for which they agreed in the order or contract to pay $182, paying $45 then and agreeing to pay $13.65 on December 1st and the same amount on the first day of each month thereafter until the whole amount was paid, for the right "to use the above mats and reading matter for one year only." The order blank contained an agreement that neither party should be responsible for any representations not written therein and "this agreement is subject to your acceptance at New York." The order was received and marked accepted by Local Trademarks, Inc.

The Clarys did not pay any monthly installment and Local Trademarks, Inc. brought suit for the balance. Clary & Sons answered that Crain came to their place of business and represented that for the $182 they would get 52 mats at $3 per mat, with their name and telephone number on the mats, and certain window display cards and stencils to print advertising on their car and "pick-up;" that said representations were false and Clary & Sons relied thereon and believed that "said agent would fill out the order blank in accordance with the terms of their agreement, and did not read same after it was filled out by said N. A. Crain, agent of the plaintiff; * * * that he did not fill out the order blank in accordance with the agreement made by defendant;" that the mats were not as represented; that they did not contain defendant's name and telephone number and defendant never received the window displays nor the stencils; that the statements and representations "made by said agent as to what he had written into the order were false" and were made for the purpose of defrauding defendant, and that the $45 paid was obtained through said fraudulent representations of plaintiff's agent. Wherefore, defendant prayed that plaintiff take nothing and that defendant recover the $45 paid to plaintiff "on the false representations of plaintiff's agent."

The case was tried to a jury and it found that Crain "made certain statements and representations of material facts to R. C. Clary" and that the statements made were not false. Whereupon, the court rendered judgment for plaintiff for the unpaid balance and, after quoting said jury findings, recited that the judgment was based thereon and on "such additional consideration and findings as were authorized by law." Clary & Sons Plumbing and Heating has appealed.

 Appellant's principal complaint is based on the contention that the judgment should be reversed because no issue of performance was raised by the pleadings, submitted to the jury or requested by appellee. The case having originated in the Justice Court, in the absence of an affirmative showing to the contrary, we are required to presume that any deficiencies in appellee's written pleadings were supplied by oral pleadings. Indian Territory Illuminating Oil Co. v. Rainwater, Tex.Civ. App., 140 S.W.2d 491, 493. The burden is on appellant to show that the trial court committed some specific error that probably caused the rendition of an improper judgment. R.C.P. 434. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191. Furthermore, the abbreviated statement of facts affirmatively shows, and Mr. Clary testified, in effect, that appellee performed the contract as it was written, that is, he testified that he did receive the mats and reading matter and a metal name plate. The Clarys' real contention is that Crain fraudulently misrepresented the contents of the written contract signed by them; that it should have included an agreement that appellee was to have appellant's name and telephone number on the mats and that appellee was also to furnish window display cards and stencils. The only defense alleged was fraud on the part of Crain. This was the only matter submitted to the jury. The jury found that the representations Crain made were not false. This is a conclusive finding against both appellant's defense and cross action.

 It has been held that where an agent solicits orders on a printed form containing specific limitations on the agent's authority, as the order did in this case, that the seller is not responsible for any representations not contained in the writ-

918

ten contract. Furthermore, the order signed by appellant provided, in substance, that it was not to be binding until accepted by appellee. In such form, the order signed by appellant on its face purported to be a written offer by appellant to enter into a contract according to the terms therein stated, upon acceptance by appellee. General Office Service Co. v. Letbetter, Tex.Civ.App., 221 S.W.2d 932, 933; Fritz v. Skiles, Tex.Civ.App., 107 S.W.2d 768; Texas State Mut. Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089, 1090; Cole v. Bammel, 62 Tex. 108, 113; Houston & T. C. R. R. Co. v. McKinney, 55 Tex. 176, 183.

However, if the rule stated is not applicable and the contract as written would not be binding if induced by fraud, as the rule was announced in Texas & P. Ry. Co. v. Presley, 137 Tex. 232, 152 S.W.2d 1105, 1107, nevertheless, the jury has determined the question of fraud against appellant.

In addition to the presumption that any deficiency in appellee's pleadings was supplied by oral pleadings, the evidence is conclusive that appellee performed the written contract and delivered to appellant the articles included therein. There was no objection to such testimony on the ground that performance of the contract had not been alleged. Having been tried on said issue without objection on the ground of lack of pleadings, such objections cannot be raised thereafter. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562.

Appellant's point that the court erred in overruling special exceptions to appellee's pleadings on the ground that they were conclusions is overruled. Such pleadings are permissible. R.C.P. 45.

Appellant's point four is to the effect that the court erred in rendering judgment on the verdict because the jury failed to make a finding on appellant's cross action. As heretofore shown, both appellant's defense and cross action were based on the contention that appellant was defrauded by the false representations of Crain. The jury found that his representations were not false, thereby determining both the defense and the cross action against appellant.

All of appellant's points have been carefully considered and are overruled.

The judgment is affirmed.