418 So.2d 296 (1982)
Curtis L. RUDOLPH, Appellant,
v.
J. Albert LEWIS, Appellee.
No. 81-2108.
District Court of Appeal of Florida, Second District.
July 16, 1982.
Rehearing Denied August 23, 1982.
Daniel Joy, Sarasota, for appellant.
Alan M. Gerlach, Jr. of Livingston, Patterson & Strickland, P.A., Sarasota, and Bruce D. Chapman of Berg & Chapman, Venice, for appellee.
GRIMES, Acting Chief Judge.
Rudolph appeals a final judgment against him for breach of contract.
*297 Appellee (Lewis) entered into a contract with Venice Marine Inlet for the purchase of a yacht, tendering a deposit of $3,750. However, prior to delivery of the yacht, appellant (Rudolph), a creditor of the marina, assumed control of the facility through an assignment in lieu of foreclosure. Since the new owner no longer stocked the yacht originally ordered, Lewis returned to the marina and placed an order for a substitute yacht. This second agreement, signed by Lewis and one Daniel Blake, an employee of the marina, stated that it supersedes the earlier contract. The form contract stated "this order is not valid unless signed by dealer." Directly below this statement were two lines, the first marked "dealer," and the second "salesman." Leaving the dealer line blank, Blake signed the line marked "salesman." Rudolph later refused to accept the contract, and Lewis instituted this suit for damages. After a nonjury trial, the lower court found that Blake had authority to bind his employer and entered judgment for Lewis in the sum of $9,300.
We need not consider the facts which might support a finding of apparent authority because the presence of the acceptance clause in the agreement prevented the creation of an enforceable contract. An acceptance clause specifically limits the authority of an agent and reduces an agreement to the status of an unaccepted offer. 1 A. Corbin, Corbin on Contracts § 33 (1963). Only when the agent's principal accepts the offer does a contract arise. Knickerbocker Fine Cars v. Peterson, 118 So.2d 639 (Fla. 3d DCA 1960); Clary & Sons Plumbing & Heating v. Local Trademark, Inc., 250 S.W.2d 916 (Tex.Civ.App. 1952). The claim of apparent authority is negated on the face of the instrument. Meekins-Bamman Prestress, Inc. v. Better Construction, Inc., 408 So.2d 1071 (Fla. 3d DCA 1982).
When Blake did not sign the agreement as dealer, Lewis was on notice that he lacked the authority to create a binding contract. In any event, Lewis admitted that he knew Blake was not the dealer. Rudolph, the actual dealer, did not accept the offer and informed Lewis of his decision to reject it. Since there was no contract, Rudolph may not be held accountable for a breach.
In the posture of the case, it was unnecessary for the court to consider whether Rudolph had any obligation to Lewis for his $3,750 deposit. We therefore reverse the final judgment but remand for proceedings to determine whether Lewis may recover his deposit from Rudolph.
SCHEB and SCHOONOVER, JJ., concur.