## Shaw, et al. v. Thornberry.

(Decided February 8, 1927.)

## Appeal from Pike Circuit Court.

1. Novation—Makers' Agreement Whereby Another Assumed Payment of Note did Not, as Between Holder and Makers, Release Latter.—Transaction whereby person purchasing business from makers of note agreed to assume payment of note did not, as between holder and makers, release latter.

2. Novation—Holder's Acceptance of Payment from Person Agreeing with Makers to Assume Payment of Note Held Not Evidence that Holder Released Makers.—Acceptance by holder of note of payment thereon from another, having agreed with makers to assume payment, held not to afford evidence that holder had released makers from payment.

3. Novation—Evidence that Makers were Not Released by Assumption of Payment of Note by Another Required Directed Verdict for Holder.—Evidence, in action on note, that makers of note were not released from payment because of assumption of payment of note by another, held to require directed verdict for holder.

MOORE & CHILDERS for appellants.

DAUGHERTY & BARRETT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellee instituted this action to recover from appellants, Mr. and Mrs. John Shaw, makers, and W. L. Morris, G. H. Francisco and E. D. Stevenson, endorsers, $1,060.00, the amount of a note held by her. Appellants, the makers of the note, defended upon the theory that in a deal whereby they sold a half interest in a drug store to V. O. Shivel and M. D. Flanary the latter assumed payment of the note and appellee, who then held the note, released them and agreed to look only to Shivel and Flanary. After the evidence had been heard the trial court, over appellants' objection, sustained appellee's motion for a directed verdict. Hence the appeal.

There is no testimony tending in the least to establish that appellee was a party to the deal whereby Shivel and Flanary assumed payment of the note held by her. What then occurred certainly did not as between appellee, the holder of the note, and appellants, makers, release the latter. There is evidence that after the deal

appellee agreed, if Shivel and Flanary would make her a new note with good security, she would surrender the one she had and take the new note in lieu of it; but that was never done. That she accepted $160.00 from Shivel and Flanary on the note affords no evidence that she had released appellants, the makers. Shivel subsequently sold his interest in the drug store to Bernard Hale, who assumed Shivel's obligation as to the note contracted when he had purchased from the Shaws. A writing signed by appellee by which she released Shivel so far as he was obligated to her and to that extent agreed to look to Hale was filed in evidence. Appellee testified that it was given solely upon the condition that Hale and Flanary would make a new note with good security to take the place of the original note she held, which was never done. There was no contradiction of this testimony

Conceding that the contract, by which Shivel and Flanary as between them and the Shaws, makers of the note, assumed its payment, was a contract for the benefit of appellee, the holder of the note, to the extent that she might have a cause of action against the former for its enforcement, yet as she was no party to it the making of the contract did not operate to release the Shaws. Though the testimony is undisputed that the writing signed by appellee releasing Shivel and substituting Hale was given upon the condition that a good new note be substituted for the one then held by appellee, which was not done, if it be assumed that, by releasing Shivel and substituting Hale, appellee could not thereafter, under the contract made for her benefit by the Shaws of the one part and Shivel and Flanary of the other, sue and recover from Shivel, that fact would not operate to relieve Shivel of his obligation to the Shaws. They were not parties to that arrangement. Shivel's sale to Hale created a situation as between him and the Shaws exactly similar to that created when the Shaws sold to Shivel and Flanary, as between them and Mrs. Thornberry, the holder of their note. It was merely a contract for their benefit to which they were not parties.

There being no evidence that appellee, the holder of the note, ever released appellants, its makers, the court properly directed a judgment for her.

Judgment affirmed.