# Consolidated Grocery Co.'s Trustee in Bankruptcy v. Hadad.

(Decided October 28, 1932.)

ROY H. PENNINGTON, and HAWK & LEWIS for appellant.

HOGG & MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Reversing.

In the years 1925 and 1926, Solomon Hadad was engaged in business in East Jenkins, Ky. He had for a number of years been dealing with the Consolidated Grocery Company of Ashland. About the year 1927, Hadad sold his business to John Abdo. At that time Hadad was indebted to the Consolidated Grocery Company in the sum of $1,202.58. As between Hadad and Abdo, it is conceded that Abdo assumed and agreed to pay Hadad's debt to the Consolidated Grocery Company as a part of the consideration for the purchase of Hadad's business. They also claim that as a part of this transaction, the Consolidated Grocery Company consented to release Hadad from further liability on his indebtedness to it, and agreed to look solely to Abdo for its payment. After Abdo took charge, he from time to time made payments on this Hadad account, so that at the time this suit was brought there was due upon it only a balance of $633.25. In the year 1930, Abdo had a fire which, so far as this record discloses, ruined him

financially, and because of this fact he was unable to make further payments on the Hadad account. On March 18, 1930, this suit was brought by the Consolidated Grocery Company against Hadad to recover the balance of $633.25 due it. Later the Consolidated Grocery Company became bankrupt, and its trustee in bankruptcy was substituted as party plaintiff in this suit. Hadad's defense was the claimed novation entered into at the time he sold his business to Abdo, and on this issue the parties went to trial. There being no dispute as to the balance due, the court put the burden of proof on Hadad to establish the alleged novation. After Hadad had introduced his proof, the appellant made a motion for a peremptory instruction, and, this being overruled, it stood upon its motion, whereupon the court peremptorily instructed the jury to return a verdict for Hadad, which it did. Judgment being entered on that verdict, this appeal results.

As stated, there is no dispute that as between Abdo and Hadad, Abdo was to pay Hadad's debt to the Consolidated Grocery Company. However, this of course is not enough to establish a novation. The assent of the Consolidated Grocery Company to the release of Hadad and its agreement to look thereafter to Abdo had to be established. To do this, Hadad and Abdo testified that when they entered into negotiations with each other about the sale and purchase of Hadad's business, they conferred with a Mr. Mullins, who was the traveling salesman of the Consolidated Grocery Company in this territory, and asked him if the grocery company would consent to the transaction, release Hadad, and look thereafter to Abdo; that Mullins told them he would find out from his company, and that the following week when he came through their town he told them that it would be all right. All this evidence as to what Mullins said was objected to by the appellant, and should have been excluded. It is agreed by counsel that Mullins, being a traveling salesman, had no authority to do aught than solicit orders and transmit them to his principal. Standard Sanitary Manufacturing Co. v. Stump, 212 Ky. 253, 278 S. W. 583. If, therefore, Hadad claimed a wider authority for Mullins than that of an ordinary traveling salesman, it was necessary for Hadad to show such authority, and this he could not do by the declarations of such agent made out of court. Seaboard Oil Co. v. Huntsman, 196 Ky. 758,

245 S. W. 860; McFarland's Adm'r v. McFarland, 235 Ky. 283, 30 S. W. (2d) 958. Nor could Hadad establish the consent of the grocery company by testifying as to what Mullins told him. Such testimony was pure hearsay, and was not saved from being such because Mullins was the traveling salesman of the grocery company, since that fact alone did not, as we have seen, authorize Mullins to bind his principal by admissions. It was not part of his shown authority. The court should have excluded the testimony concerning the declarations of Mullins. With the declarations of Mullins excluded, there was no evidence as to the assent of the Consolidated Grocery Company, other than the fact that during the two or three years which elapsed from the time of the sale of Hadad's business to Abdo and the bringing of this suit in 1930 the grocery company accepted checks from time to time from Abdo on this Hadad account. However, it is well settled that the consent of a creditor to an alleged novation is not to be implied merely from the performance of the contract by the substitute, for, as said in 20 R. C. L. 370, such performance of the contract by the substitute "might well consist with the continued liability of the original party." In the case of Shaw v. Thornberry, 218 Ky. 140, 291 S. W. 14, we held that the mere acceptance by the holder of a note of payments thereon from one who has as between him and the maker of such note agreed to pay it did not afford evidence that the holder of the note consented to the release of the maker of the note or to a novation. It is well settled that mere acceptance by the creditor of payment by a substitute for the debtor is of itself no evidence of a novation. Detroit Postage Stamp Service Co. v. Schermack, 179 Mich. 266, 146 N. W. 144, Ann. Cas. 1915D, 287; 46 C. J. 607. As with the declarations of Mullins excluded all we have here is the acceptance by the Consolidated Grocery Company of payments of Hadad's acount by Abdo's check, there was no competent evidence to establish the claimed novation, and the court erred in peremptorily instructing the jury to find for Hadad. It should have peremptorily instructed the jury on the showing made to find for the plaintiff.

Judgment reversed for a new trial consistent with this opinion.