## White et al. v. Hanes.
(Decided Dec. 1, 1936.)

B. S. HUNTSMAN for appellants.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellants, G. D. White and Chloe White, de-

livered to A. P. Hanes their promissory note for $600 dated February 6, 1922, and, on the same day, they executed and delivered to him a mortgage on a tract of land in Allen county to secure its payment. The Whites paid the interest on the note until they sold the land to M. D. Denton in 1926. In the deed from the Whites to Denton, the latter assumed the $600 debt as a part of the consideration. Thereafter Denton paid the interest on the note to Hanes until February 6, 1931. On September 1, 1934, Hanes brought this action against G. D. White and Chloe White on the note, and he asked that the land described in the mortgage be sold to satisfy the lien. M. D. Denton and wife were made defendants, but the plaintiff did not ask for a personal judgment against them. The appellants filed a pleading styled, "answer, counterclaim, set-off, and cross-petition," in which they set up the following defenses: Novation, usury, and failure of the plaintiff to list for taxation the note sued upon. In their cross-petition, they asked that they be given judgment against their codefendant, M. D. Denton, for any amount the plaintiff might recover as a deficiency judgment. On September 5, 1934, a notice was served upon the defendants that the plaintiff would on the October rule day enter a motion in the Allen circuit court to submit the cause for trial and for a judgment on the petition. On October 2, 1934, which was the October rule day, a judgment was entered reciting that the Dentons had failed to answer, but that the defendants, G. D. White and Chloe White, had answered, admitting plaintiff's mortgage lien. It was adjudged that by reason of the mortgage executed by G. D. White and Chloe White February 6, 1922, the plaintiff had a lien on the real estate described in the mortgage, and the sale of the property was ordered. Decision on the issues raised by the answer, counterclaim, set-off, and cross-petition was reserved, and the master commissioner was directed to hold the proceeds of the sale of the land subject to the further orders of the court. The master commissioner duly advertised the land for sale, and, on November 12, 1934, sold it at public auction for $301, the plaintiff being the highest bidder. The land was appraised at $400 by the appraisers appointed by the master commissioner. M. D. Denton and his wife filed exceptions to the report of sale on January 30, 1934. Their exceptions were overruled, and the report of sale was confirmed. Proof was heard on the issues raised by the pleadings, and, on January 31, 1936, judgment was en-

tered for the plaintiff against G. D. White and Chloe White for the sum of $600, with interest from February 6, 1931, subject to a credit of $301 paid November 12, 1934, which was the purchase price of the property sold by the master commissioner, and subject further to a credit of $108, which represented the amount of usury paid by G. D. White and M. D. Denton. Each payment of usury bore interest from the date of its payment. G. D. White and Chloe White, on their cross-petition, were given a judgment against M. D. Denton for the amount adjudged against them. From that judgment, G. D. White and Chloe White have appealed.

They first insist that the court erred in rendering any judgment against them, since the proof shows that Hanes agreed to substitute M. D. Denton in place of the appellants with intent to release them. The evidence on this issue was in sharp conflict. G. D. White testified that he went to the home of Mr. Hanes before the land was conveyed to Denton, and requested him to substitute Denton in the place of the Whites and to release them from any obligation on the note. He quoted Hanes as saying: "I don't know Mr. Denton, but the farm is worth it—I am looking to the land for my money. It is all right, and I will accept him instead of you and release you." Chloe White claimed that she was present and heard Hanes make this statement. Hanes denied that he made this or any similar statement, and stated that he accepted Denton's check for the interest, but always considered appellants bound on the note. During his cross-examination White was shown a letter dated April 6, 1926, signed G. D. White, and addressed to Mr. Lon Hanes, La Fayette, Tenn., in which he stated that he had not sent to Hanes the remainder of the interest due, amounting to $12, because he was on a trade to sell the land, and if the land was sold he would take up the note. The letter undoubtedly was written by the appellant, G. D. White, but he denied that he was the author of it or knew anything about it. The letter had only a slight bearing on the issue as to whether or not Hanes agreed to release appellants, but White's attitude in regard to it materially affected his credibility as a witness. We are not prepared to say that the judgment is not in accord with the weight of the evidence, but, be that as it may, it is at least a case where the evidence is so conflicting as to leave the mind in doubt, and, consequently, the judgment should not be disturbed. Mays v. Mays,

263 Ky. 546, 92 S. W. (2d) 827; Tunks v. Vincent, 241 Ky. 379, 44 S. W. (2d) 282.

The acceptance by the mortgagee of payments from the grantee who has assumed the payment of the lien debt does not operate as a novation. In the absence of a release, the mortgagee may enforce his claim against either the mortgagor or the purchaser of the land who has assumed the payment of the debt. Mere knowledge of the mortgagee that the land has been sold and the purchaser has assumed the mortgage debt does not create a novation, even though the mortgagee accepts payments from the purchaser. In order to constitute novation, he must accept payments with the intent to substitute the purchaser in the place of the original debtor. Consolidated Grocery Company's Trustee v. Hadad, 245 Ky. 549, 53 S. W. (2d) 951; North Western Mutual Life Ins. Co. v. Eddleman, 247 Ky. 116, 56 S. W. (2d) 561, 87 A. L. R. 276; White v. Upton, 255 Ky. 562, 74 S. W. (2d) 924.

It is insisted that it was error to order a sale of the land at the October, 1934, rule day, but the pleadings admitted that the plaintiff had a lien on the land and that he was entitled to have it sold. There was no issue in this respect on which proof was required, and, under section 964b-1 of the Kentucky Statutes, the court was authorized to enter a judgment directing the master commissioner to sell the mortgaged property.

Appellants pleaded as a defense appellee's failure to list the note for taxation. Section 4019a-13, Kentucky Statues, provides that failure to list any note or bond shall be a bar to any action upon the same in any court, and may be pleaded as a complete defense. The appellee was a resident of the state of Tennessee when the note was executed and delivered to him, and was still a resident of that state when this action was instituted, and the foregoing statute, therefore, has no application. The purpose of the statute is to enforce the collection of taxes due the commonwealth, and not to protect the defendant. Miller v. Tennessee Chemical Co., 251 Ky. 30, 64 S. W. (2d) 437; Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182. The appellee being a resident of Tennessee, the note in controversy was not taxable in this state. Board of Council v. Fidelity Trust & Safety-Vault Co., 111 Ky. 667, 64 S. W. 470, 23 Ky. Law Rep. 908; Semple v. Com., 181 Ky. 675, 205 S. W. 789.

The judgment is affirmed.