## Crowe v. McLear.

(Decided October 26, 1923.)

### Appeal from Bourbon Circuit Court.

1. Brokers—Agent Held to Have no Authority to Sell.—A real estate dealer, who received a letter, "I want to sell the lot. I want $1,000.00 net for it; was offered that three years ago," and who had authority to collect the rents, had no actual or apparent authority to sell the lot at any price, and the writer was not bound by his contract to sell it, in the absence of subsequent acquiescence or approval.

2. Brokers—Special Agent Limited to Instructions.—A broker handling real estate is a mere special agent of limited authority, and is strictly confined to his instructions, and has only such powers as are actually given or implied from those given.

VIRGIL CHAPMAN and TALBOTT & WHITLEY for appellant.

DENIS DUNDON for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Specific performance is prayed in this action on a
receipt or memorandum reading:

"Paris, Ky., Feb. 21, 1918.

"Both Phones 247.

"Received of Kash Crowe fifty 00.100 dollars for payment
on stable and lot purchased from Mrs. J. M. Mc-
Lear.

"Account of $50.00; balance to be paid, $60.00,
                    "Real Estate Exchange,
                            "By W. W. Hinton."

Hinton was operating a real estate business under the
name "Real Estate Exchange," and as such was engaged
by Mrs. J. M. McLear to collect monthly rents on a lot
and small barn located in Paris, Ky.

On January 22nd, 1918, Mrs. McLear wrote her first
letter to Hinton concerning the real property which she
owned in Paris. The letter reads:

"Owenton, Ky., Jan. 22nd, 1918.

"W. W. Hinton, Paris, Ky.

"My dear sir and friend:

"Please read this letter from Mr. Bramblett relative
to the stable which Cash Crowe rents. He owes five or
more months—Mr. Dug Williams collected from him
$5.00 each month and as he died suddenly and without a
settlement with me we will have to settle by his state-
ment. Of course we know he has not paid since Mr. Wil-
liams died. Mr. Williams said he always gave him a re-
ceipt—you might ask for it to settle by—I want to sell the
lot—I want one thousand net for it, was offered that three
years ago—hope you and family are well—give my *live* to
Mrs. Hinton and Mrs. Clark's family—I miss my loved
ones of Paris.

                    "Very sincerely,
                        "Mrs. C. J. McLear,
                            "Owenton, Ky."

The foregoing letter is the only authority which Hin-
ton had to collect rents, or to act in any other relation to
the property.

It is appellant's contention that Hinton was acting as
the agent of Mrs. McLear in the control of the lot and

stable and in the collections of the rents thereon, and that this agency was general, the appellant not knowing but what Hinton had full authority and power to sell and convey the property. They also insist that under the letter copied above, Hinton did have authority to sell the real estate in question. He also says that he was not bound by the secret instructions given by Mrs. McLear to her agent Hinton and that he had no way of knowing what limitations this letter put upon his power to sell. He rests his right of recovery largely upon the rule that the principal will be bound by the acts of the agent, done within the apparent scope of his authority.

The letter was written only a month before Hinton made the contract with appellant Crowe, and so far as the record shows had not collected more than one month's rent. Neither does the record show that Crowe had been led by any word or act of Hinton to believe that the latter had authority to sell the property except that after Crowe applied to Hinton to purchase the property he was told that he had obtained authority to sell. Undoubtedly Hinton had a misconception of his authority which he rested solely upon the letter he received from Mrs. McLear copied above. It will be noticed that the letter does not give authority to Hinton to sell the property nor asked him to sell it and does not direct him in case he should sell it to collect the money or make any binding contract for Mrs. McLear. The letter says: "I want to sell the lot. I want one thousand dollars net for it; was offered that three years ago. Hope you and family are well, etc."

As Hinton had no authority to sell the lot at any price Mrs. McLear was not bound by his contract to sell it for $110.00 when it was reasonably worth $1,000.00; nor would she have been bound by his contract if he had sold it for its full cash value unless she had thereafter acquiesced in or approved the sale.

No rule is better settled than that a broker handling real estate is a mere special agent of limited authority and is strictly confined to his instructions. His power is limited by and ceases with his instructions, he having only such powers as are actually given or as implied from those given. 9 C. J. 524; Graham v. Duckwell, 8 Bush 12.

If, in negotiating a transaction in behalf of the principal, a broker acts within the terms of authority which has been conferred upon him, either expressly of by impli-

cation, the principal is bound thereby, and the other party may be held to the bargain. But if the broker acts in excess of his authority the principal is not bound, except in case of ratification or estoppel.

As Hinton had authority only to collect rents and not to sell he was not acting within the apparent scope of his authority when he agreed to sell the property of his principal to Crowe, and his principal was not bound by his acts.

For this and other good reasons appellant Crowe was not entitled to specific performance of the contract made with Hinton for the purchase of the property.

Judgment affirmed.