## People's National Bank v. Citizens' Saving Bank of Paducah.

(Decided March 17, 1931.)

(As Modified on Denial of Rehearing June 9, 1931.)

BEN S. ADAMS for appellant.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

After its demand for payment was refused, the appellant, the People's National Bank of Paducah, sued the appellee, Citizens' Savings Bank of Paducah, for $243.57, representing a balance in its favor in the clearing between them on February 11, 1930. The defendant pleaded payment to an employee of the bank, who it was averred was authorized to receive same. Upon submission of the case to the court, without the intervention of a jury, judgment was rendered in favor of the defendant. The plaintiff has prayed an appeal in this court.

The evidence showed that it was the practice of the two banks to exchange daily the checks drawn upon the other and honored by them, respectively. During the day the difference in the clearings was paid to the bank in whose favor the balance was found to be. This was usually done by delivering through its own messenger at the other bank the cash or a check for the amount. On a few occasions the Citizens' Bank had sent the balance by Jim Jordan, the colored porter and messenger of the People's National Bank, who happened to be convenient. If the amount was about or above $100, a check was given him, and, if less, the money was sent.

During the afternoon of February 11, 1930, Jordan returned two dishonored checks aggregating $8.35 to the Citizens' Savings Bank for redemption. Cash for this sum and the day's clearing balance in favor of the People's National Bank ($243.57) was put in an envelope, with the amount and the name of the People's National Bank written on it, and given to Jordan to be taken back to his bank. On the way Jordan lost the money, he says, by leaving it on a table in another bank where he had stopped.

It does not appear that the People's Bank ever authorized the delivery of the daily balance to its porter, but it raised no objection to the practice, except perhaps a year or more before this incident, when Jordan had misplaced for a short time a check delivered to him, the cashier of the People's National Bank suggested to the cashier of the other institution that it was not very wise to send the checks by Jordan.

The appellee relied upon a custom of using the appellant's messenger in transmitting the daily balances as evidence of his authority to receive them. Unless he

had that authority he was on this occasion the agent of the appellee. The burden, of course, rests on the one asserting the relation and extent of agency. Dodds v. Maryland Casualty Co., 166 Ky. 70, 178 S. W. 1134. Agency and scope of authority, actual or apparent, may be established by circumstances and practices. Seaboard Oil Co. v. Huntsman, 196 Ky. 763, 245 S. W. 860. A custom or business usage or course of dealing may be such a circumstance. 21 R. C. L. 855, 867; McAlister v. Tucker, 203 Ky. 332, 262 S. W. 284. But before a custom or usage will be regarded as affecting or as a part of a contract or transaction, it must be shown to have been uniformly observed. "A loose or variable practice will not be allowed to control the rights of the parties nor will an alleged usage which leaves some material element to the discretion of the individual." 17 C. J. 453. There was no evidence of a practice of transmitting more than $100 in actual money by Jordan. Had the practice sometimes observed of sending a check for the larger sum been followed, the parties could have protected themselves against loss. We do not regard the evidence sufficient to establish an implied authority to receive payment of the daily balance or to bar the appellant from denying that authority.

No claim was made for the loss of the $8.35 representing the money delivered to Jordan in redemption of the dishonered checks which he had been sent by his bank to collect. He was clearly its agent for that purpose. But he was not sent to the Citizens' Savings Bank to get the daily balance of the clearing, and, when that bank delivered that money to him to be transmitted to the People's National Bank, he clearly became the agent of the Citizens' Savings Bank for that purpose. It was while so acting that he lost the money.

The trial court should have rendered judgment in favor of the plaintiff.

The appeal is granted, and the judgment is reversed. Whole court sitting.