MOTOR CAR SUPPLY CO., *v.* NICHOLAS HARDWARE & FURNITURE Co.

(No. 6976)

Submitted October 27, 1931.    Decided November 3, 1931.

*W. G. Brown* and *Ben Moore*, for plaintiff in error.
*Wolverton & Ayers*, for defendant in error.

HATCHER, JUDGE:

Upon appeal from the judgment of a justice, the plaintiff claimed a balance of $51.88 due on account.   The defendant set off and recovered judgment for certain items amounting to $284.15.   The plaintiff secured a writ of error.

Several errors are alleged, but they may be grouped under two divisions.

First. The plaintiff charges that the trial court erred in refusing to permit the plaintiff to introduce in evidence its ledger account against the defendant. The record does not show that plaintiff offered this account in evidence. The entries on the ledger were posted by the bookkeeper from sales sheets. The bookkeeper was not a witness, and her absence was not explained. The general manager of plaintiff testified that he "supervised" the bookkeeping but had not checked all of the ledger account with the sales sheets. He was allowed to state that the account showed a balance of $51.88 due plaintiff by defendant, but he was not permitted to say that the account was correct. While a supervising officer may vouch the authenticity of books under his control, our decisions have not gone so far as to permit him to vouch the accuracy of entries in the books if without personal knowledge of their correctness. Incidentally, his avowal is not necessary as the entries may be received upon other proof. See *W. Va. etc* v. *Stewart,* 68 W. Va. 506; *State* v. *Larue,* 98 W. Va. 677.

Second: The items offset were: $20.64, overpayment on plaintiff's account; 84c., one sheet of felt; $12.67, two springs; and $250.00, a lot of assorted bearings. The overpayment was shown by the account filed by the defendant before the justice which was introduced in evidence on the appeal *by the plaintiff itself.* The sheet of felt and the two springs were said to be not as ordered. If not, defendant had the right to return these three articles within a reasonable time and receive credit for them.

Witnesses for defendant testified that about the last of 1926 or first of 1927, a traveling salesman for plaintiff agreed that if defendant would "put in" a line of Timken bearings, "then at any time any of them did not move they (plaintiff) would take them back for credit or other bearings." On August 13, 1929, defendant returned to plaintiff bearings of the value of $43.12 accompanied with the following letter: "Under separate cover we are returning you the following articles, which we will ask that you credit our account with." (It will be noted that the letter does not state that the returned bearings *would not move.*) Plaintiff refused to accept the bearings on the ground that they had been purchased

four or five years before their return, and that most of them were now obsolete. The defendant approached the plaintiff later about taking back other bearings but by letter of June 25, 1930, plaintiff refused on the ground that the bearings were obsolete. The defendant proved at the trial that none of the bearings proposed to be offset (which included the ones returned) were obsolete but gave no reason for seeking to return them.

Plaintiff's salesman denied agreeing to the return of any bearings which would not move, and he and plaintiff's president and general manager testified that he had no authority to make such an agreement. Plaintiff contends that the arrangement is so extraordinary that it should be held, as a matter of law, to be without the scope of the salesman's authority. Such a concession is indeed unusual. The effect thereof would be to make the defendant simply a local salesman of the plaintiff. It is beyond the implied authority of an ordinary traveling salesman to appoint other salesmen for his employer. His apparent authority extends no further than the sale of goods upon such terms as are reasonable or are usual in the trade. "Those dealing with a drummer have the right to presume that the drummer is authorized to sell the goods in the usual manner only and may only sell on such terms as are reasonable or comport with the usage and custom of the trade in like undertakings and it is to this extent, and this extent only, that a drummer may be said, as a matter of law, to be acting within the scope of his apparent authority." *Peaslee-Gaulbert Co.* v. *Rogers,* 220 Ky. 338. In *Shoe Co.* v. *Adkins,* 83 W. Va. 267, it as held that while a traveling salesman might lawfully agree that goods could be returned within a reasonable time if unsatisfactory to the buyer, he has no implied authority to stipulate for an unlimited right of return, such as the defendant claims. This is the law generally. See Mechem on Agency (2nd Ed.), sec. 858. Defendant sought to show recognition of the arrangement by plaintiff, from the fact that over a period of several years the plaintiff had permitted the return of articles on six different occasions. The defendant did not explain why the articles were returned. Plaintiff's general manager had no

independent recollection of the transactions but stated it was plaintiff's custom to accept the return of merchandise shipped through mistake or as a substitution or where there was a long delay in filling the order. Only one of the credit slips for these articles shows a return of bearings and that return was made June 26, 1926, presumably before the alleged agreement was made. So defendant fails to show a ratification. Defendant introduced a witness who testified that he had dealt with plaintiff for several years, and that it was plaintiff's custom to take back any merchandise which he returned. He claimed no contract with plaintiff or its salesman to that effect, and did not state the reasons for making the returns. His evidence in no way supported the defendant.

It was therefore error for the trial court to permit a recovery by defendant for the bearings, and the judgment is reversed, the verdict set aside, and a new trial awarded the plaintiff.

*Judgment reversed; verdict set aside; new trial awarded.*