# General Service Garage v. Lexington Oil Co.

(Decided June 21, 1938.)

BURKE & SANDERS for appellant.

STEELE & VANOVER for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The Lexington Oil Company, a corporation, has recovered judgment against the General Service Garage, a corporation, for the sum of $615.67 with interest from October 12, 1934, and the latter is appealing.

In its petition appellee sued for the amount recovered with interest which it alleged was the balance due on an account for gasoline, oil and grease sold and delivered to appellant at its special instance and request. Appellant's original answer was merely a general denial of the allegations of the petition.

Upon motion of appellee and without objection the case was transferred to equity and referred to the master commissioner to hear proof and make a report of his findings. After proof had been heard appellant tendered and offered to file an amended answer and counterclaim but the court refused to permit it to be filed but ordered that it be made a part of the record and thereafter appellant tendered and offered to file an amended answer, set off and counterclaim to conform to the proof but the court likewise refused to permit this pleading to be filed but ordered that it be made a part of the record. In its first amended answer, etc., appellant pleaded that on and prior to June 1, 1932, it had a contract with the state highway commission to furnish all gasoline, oil and grease used by the latter in Pike county and that while this contract was in full force and effect appellee through its agent and representative, S. D. Wheeler, approached appellant with a proposition that the contract be turned over to appellee and agreed that it, if it would do so, appellee would pay it one half of all the profits realized from sales to the highway commission in the counties of Pike, Floyd and Letcher and would sell to appellant gasoline, oil and grease for distribution at its plant in Pikeville at a lower price than it had theretofore been charged for such articles; that it accepted such proposition and turned over to appellee its contract with the highway commission and thereafter appellee furnished gasoline, oil and grease to the highway department in Pike, Letcher and Floyd for about 18 months in the sum and value of $6,691.34 on which it made a net profit of $2,394, one half of which, or $1,197, was due appellant under the contract; that appellee had paid the sum of $420.60 on profits and commissions, leaving a balance of $776.40 on that account due and unpaid; that after the contract was made, appellee carried out its part of the agreement wherein it agreed to sell products to appellant at a lower price than it had theretofore been charged and continued to do as long as it continued to sell products to the highway commission and thereby approved and ratified the acts of Wheeler in making the contract; that appellee at various times promised to credit appellant's account with one half of the profits realized from sales to the highway commission; that after deducting the account claimed by appellee from the amount due appellant there would be a balance of

$163.73 due the latter. It prayed that the petition be dismissed and that it recover $776.40 subject to credit by the amount of the account sued upon.

The second amended answer, set-off and counter-claim reiterated and amplified the allegations of the first amended pleading and further alleged that the John L. Kitchen Company was a partnership composed of Tom Mohr, S. D. Wheeler and another salesman of the Lexington Oil Company; that it had no capital but was a concern used by the Lexington Oil Company for the sole and only purpose of enabling the latter to sell and deliver oil and grease to the state highway commission; that the assets and profits of the John L. Kitchen Company were paid to the Lexington Oil Company and that the latter sold, transferred and delivered all of its assets of every kind and nature to the Ashland Refining Company before this action was filed; that appellee was insolvent and had no property or assets, tangible or intangible, that might be subject to the claim other than the amount due appellant and that by reason of the insolvency appellant is entitled to have the amount due it off set against the amount sought to be recovered.

T. N. Huffman and W. M. Conley, officers of appellant, and N. A. Chrisman who was present at the time testified that Wheeler, the traveling salesman for appellee, entered into a contract on its behalf with appellant as set out in the pleadings. Mr. Chrisman testified that at the request of officers of appellant he examined the record of the state highway commission and found that the amount of oil, grease, etc., at the purchase price alleged in appellant's pleadings had been furnished the highway commission in Pike, Letcher and Floyd counties but that the record showed such supplies had been furnished by John L. Kitchen Company. He further testified that the last checks given by the highway commission in payment for supplies were made to the Lexington Oil Company; that Mr. Kitchen and Mr. Wheeler who were partners in the John L. Kitchen Company stated to him in Frankfort that Tom Mohr who was the sole owner of the Lexington Oil Company was also a partner. Mr. Mohr testified that the Lexington Oil Company made no contract of any character with appellant but that it sold and delivered to the latter gasoline, etc., on orders taken by its salesman Wheeler;

that Wheeler had no authority to make the alleged contract with appellant on its behalf and that he knew nothing of the alleged contract or claims of commissions or profits until after appellee had sold out and quit business; that he was not a partner in the John L. Kitchen Company and had no interest in or connection with that company; that Kitchen and Wheeler, the salesman for appellee, were the partners composing the firm; that appellee did sell gasoline, oil, etc., to John L. Kitchen Company to fill orders taken by Wheeler from the highway commission and paid a commission to Wheeler the same as it did on other orders taken by him; that the Lexington Oil Company did receive some checks from the highway commission on the John L. Kitchen Company account but stated that the John L. Kitchen Company owed appellee and that at his instance Kitchen gave an order to the highway commission to pay to him the sums due the company and that. he turned such checks over to the gasoline tax department at Frankfort in payment of taxes that appellee owed. He further testified that at the request of Wheeler he allowed appellant credit on its account as shown by an itemized statement filed in evidence in the sum of $50 and possibly some other small credits but that these credits were in turn charged against the John L. Kitchen Company.

The master commissioner in his report stated in effect that there was no controversy concerning the correctness of appellee's account and that since the court had refused to permit appellant's amended pleadings to be filed, the only issue was whether appellee sold the oil, gasoline, etc., and whether appellant had paid for them; that in the state of the pleadings, the evidence for appellant attempting to show credit on the account could not be considered and therefore appellee was entitled to the sum sued for.

Appellant filed objections to the commissioner's report on the ground that it was not supported by the evidence and that the commissioner would have found for appellant on the evidence introduced had the court not erred in refusing to permit appellant to file its amended pleadings to conform to the proof. The court overruled the exceptions to the commissioner's report and entered the judgment appealed from. In his opinion overruling motions to file amended answer, etc.,

to conform to the proof the chancellor stated in substance that the offered pleadings did not conform to the evidence and that there. was no .competent evidence to establish the claim that appellee assigned the contract with the highway commission .to appellee; that what happened between the representative of appellant and Wheeler did not amount to such assignment and there was no evidence to establish that appellee was in any way bound by the agreement with Wheeler or ratified the alleged contract nor was there competent evidence showing that Wheeler was acting or was authorized to act for appellant in such matters; that the records of the highway commission show that the products for which commission and profit were claimed by appellee were sold to the highway commission by John L. Kitchen Company, a different concern from appellee; that good faith required appellee to state its full defense when it filed its original answer.

It is first argued by counsel for appellant that the court erred in refusing to permit the amended answers, etc., to be filed. It is also insisted that the set off and counterclaim asserted in the pleadings arose out of the transaction set out in the petition and constituted valid defenses. Section 134 of the Civil Code of Practice provides in effect that a court may in furtherance of justice permit pleadings to be amended if such amendment does not change substantially the cause of action or a defense by conforming the pleadings to facts proved. We have carefully considered the evidence and have concluded as did the chancellor that there is no competent evidence to show that appellant ever entered into a contract with appellee as alleged in the amended pleadings. On the other hand we have the positive evidence of Mr. Mohr that it did not and that Mr. Wheeler, the traveling salesman for appellant, had no authority to make such a contract.

It is a rule of unvarying application that one asserting and relying on agency must prove agency and the extent of the agent's authority. People's National Bank v. Citizens' Savings Bank of Paducah, 239 Ky. 30, 38 S. W. (2d) 959. And recently, it has been held that one alleging or claiming that a traveling salesman for another has greater authority than that of a mere salesman to solicit and transmit orders to his principal has the burden of establishing the alleged additional

or greater authority. Consolidated Grocery Company's Trustee in Bankruptcy v. Hadad, 245 Ky. 549, 53 S. W. (2d) 951. In the same case it was also held that the scope or extent of such a traveling salesman's authority cannot be established by statements made by him out of court. That holding is in harmony with the prevailing rule that the scope or extent of the agent's authority cannot be shown by the declarations of the purported agent, made out of court. Kentucky-Pennsylvania Oil & Gas Corporation v. Clark, 247 Ky. 438, 57 S. W. (2d) 65; McFarland's Adm'r v. McFarland, 235 Ky. 283, 30 S. W. (2d) 958; J. J. Newberry Co. v. Faulconer, 248 Ky. 59, 58 S. W. (2d) 217. There is likewise no evidence to show or from which a reasonable inference would arise that appellant ever ratified the alleged contract. The same rule that forbids admission of the declarations of an agent made out of court to establish agency or the extent thereof forbids the admission of such declarations to establish ratification of the agent's purported contract made on behalf of the principal. J. J. Newberry Co. v. Faulconer, supra.

There is some evidence which standing alone might furnish a slight basis for inference of knowledge or ratification upon the part of appellee but this is utterly overcome by the positive and forthright evidence of Mr. Mohr concerning the entire transaction. His statement as to the small credits on the account on behalf of the John L. Kitchen Company are reasonable and uncontradicted; and the same may be said concerning the checks made out to him covering the balance due that company from the highway commission. It is urged by counsel for appellant that appellee and the John L. Kitchen Company were to all intents and purposes one and the same and that the latter was used as a dummy or subterfuge to shield the former in questionable transactions. There is no competent evidence to show that Mr. Mohr was a partner of Kitchen and Wheeler or that he had any interest in the John L. Kitchen Company. Mr. N. A. Chrisman as above noted testified that Kitchen and Wheeler stated to him that Mohr was a partner in the John L. Kitchen Company. The integrity and credibility of this witness and the verity of his statements cannot be questioned but it must be borne in mind that Mohr was not present and these statements were made by a third party out of court,

therefore, the evidence did not arise above the dignity of mere hearsay. Such evidence of course would be incompetent and even if admitted without objections should not be permitted to outweigh positive and uncontradicted evidence to the contrary. It is our conclusion that in the circumstances revealed by the record the chancellor did not err in refusing to permit the amended pleadings to be filed; but even if the defenses attempted to be interposed by the amended pladings had been embodied in the original answer or if appellant had been permitted to file them the judgment would be supported by a greatly preponderating weight of evidence.

Judgment affirmed.