**GAINES v. MURPHY et al.**

Court of Appeals of Kentucky.
May 8, 1951.

454

Taylor G. Smith, Wm. H. Smith, Lexington, for appellant.

Drake & Howard, Lexington, for appellees.

MILLIKEN, Justice.

Appellant, Gaines, originally brought this action against the appellee, Murphy, and a real estate agent by the name of Michael in which he sought to obtain

possession of his property and damages for the withholding of it. Gaines had authorized Michael to seek a purchaser for the property upon terms to be approved by Gaines, and Murphy was the intended purchaser.

Murphy paid Michael $300 down payment on the purchase price and moved into possession of the property. However, Gaines did not approve the proposed sale and brought this action to dispossess Murphy and for damages against Murphy and Michael for withholding the property. Michael, the real estate agent, asserted a counterclaim covering his broker's fee, and Murphy counterclaimed against Gaines and cross-petitioned against Michael claiming damages against both because of the expense incurred in moving and for recovery of the $300 down payment.

At the trial Murphy recovered a judgment for $525 against Gaines and a judgment for the $300 down payment against Michael, while Michael obtained a judgment for $5 against Gaines as his commission for services rendered. The petition of the appellant, Gaines was dismissed. This appeal is by Gaines against Murphy. Michael is not a party to it.

The appellant contends that the trial court erred (1) in overruling his motion for a peremptory instruction on the counterclaim of Murphy because of the failure of Murphy to prove that Michael was acting within the scope of his authority in permitting Murphy to take possession of the property; and (2) the trial court erred in failing to submit to the jury instructions covering the question of Michael's authority to place Murphy in possession.

A broker handling real estate is a mere special agent of limited authority, is strictly confined to his instructions, and has only such powers as are actually given or implied from those given. Crowe v. McLear, 200 Ky. 621, 255 S.W. 261; 12 C.J.S., Brokers, § 11, page 30; 8 Am.Jur., Section 59, page 1016.

The Restatement of Agency, Section 56, Comment b, reads as follows: "If the subject matter is land not subject to a lease, it is inferred that unless there is an agreement to the contrary, possession of the land is to pass at the time of the transfer and that neither the buyer's agent nor the seller's agent is authorized to agree otherwise. * * *"

"When one deals with a special agent or an agent who has only special authority to act for his principal, he acts at his peril, for he must acquaint himself with the strict extent of the agent's authority and deal with the agent accordingly. Such third person must inquire into the extent of the agent's authority; he is not justified in relying upon any appearance of authority except that which is directly deducible from the nature of the authority actually conferred." 2 Am. Jur., Agency, Section 96, pages 77 and 78.

It is well established that one asserting and relying on the act of an agent must establish his authority or prove facts as will form the basis of a reasonable inference of authority. Ritter v. Kentucky-Tennessee Light & Power Company et al., 287 Ky. 43, 151 S.W.2d 435; Kentucky-Pennsylvania Oil & Gas Corporation v. Clark, 247 Ky. 438, 57 S.W.2d 65; General Service Garage v. Lexington Oil Company, 274 Ky. 330, 118 S.W.2d 690. Furthermore, a principal is never bound where the person dealing with the agent knows, or has reason to know, that the agent is exceeding his authority. Kentucky-Pennsylvania Oil & Gas Corporation v. Clark, above.

It seems obvious from the foregoing authorities that the trial court should have sustained the appellant's motion for a peremptory against Murphy on his counterclaim, because Murphy failed to prove that Michael was acting within the scope of his authority when he authorized him to move into the appellant's house.

The appellant contends that the instructions as given, under which the jury found for Murphy against Gaines if they believed that Michael was acting under his general authority as real estate broker in placing Murphy in possession, amounted to a peremptory instruction to the jury that Michael's general authority

as broker included authority to put Murphy in possession and to give him a contract. This contention appears to be sound.

Where the question of authority is in issue, mere proof of a general agency does not authorize recovery against the principal unless the authority to do the acts relied upon are also submitted to the jury. In the case of Barker Cedar Company v. Roberts, 65 S.W. 123, 23 Ky. Law Rep. 1345, this court said: "By the first instruction given by the court the jury were told to find for the plaintiffs as to 25 of the logs, unless they believed from the evidence that plaintiffs, by their agents, had given these logs to the defendant for cutting and hauling them. The authority of the agent to make the arrangement should have been submitted to the jury. The plaintiffs were not bound by the act of the agent unless within the apparent scope of his authority, and there is very little proof of this in the record."

In the instant case the instruction should have submitted the question of Michael's authority to allow Murphy to take possession, and not permitted the jury to assume or deduce from the instructions given, that Michael's authority to seek a purchaser of the property also authorized him to permit a potential purchaser of the property, Murphy, to actually take possession before the sale was completed.

The trial court refused to allow Gaines to introduce evidence of an advantageous sale which he could have made of the property which Murphy was occupying, the loss of the sale being occasioned by the prospective purchaser not wanting the property unless he could get immediate possession. The appellant has asked this court for a ruling on this point. He cites no cases or authorities. The appellee contends that in order to hold him liable for such loss, it would have been necessary to have plead this in his petition, which he contends the appellant failed to do.

"A plaintiff under a general allegation of damages may recover all such damages as are the natural and necessary result of such injuries as are alleged. Special or consequential damages, however—that is, damages which do not necessarily result from the injury complained of and which the law does not imply as the result of that injury—must be particularly specified in the plaintiff's pleading, except where they are conclusively presumed from the facts stated." 15 Am.Jur., Damages, Section 305, page 747.

The plaintiff's petition in part is as follows: " * * * that by reason thereof, this plaintiff is unable to sell or lease said property to his damage in the sum of $1,000."

The plaintiff's petition was sufficient to allow evidence of the loss of the sale to be presented, and the trial court erred on this point.

Judgment is reversed because of the failure of the trial court to submit the question of the scope of Michael's agency. Upon a retrial of this case, the evidence being the same, a peremptory instruction for the appellant against the appellee on his counterclaim should be given.