Guy Anthony MUSILLO et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 23, 1972.

As Modified on Denial of Rehearing
Oct. 20, 1972.

William Goldberg, Louisville, for appellants.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Justice.

The appeal is from a bond forfeiture judgment for $10,000 against Al Huffman, surety on an appearance bond of Guy Anthony Musillo.

The bond in question was executed June 26, 1970, by James Abercrombie, attorney in fact for appellant Al Huffman. The power of attorney given by Huffman to Abercrombie was dated May 14, 1970, and limited the authority of the latter to sign any bond not in excess of $2,000. Copies of this power of attorney were furnished the clerks of all the courts in Jefferson County, including the clerk of the court in which the subject bond was executed.[1]

---

1. After this opinion had been rendered, appellee tendered with this court what it alleged was the true transcript of record and which was certified by the circuit clerk as being the official transcript. Appellee contends that the transcript submitted by appellant was not certified by the circuit clerk, contained only parts of the record, and on the face of each of the parts was an attestation by the clerk which caused this court to be misled into believing that the power of attorney was on file in the clerk's office when the bond was executed. We believe

The appellee, while admitting the limitation on the power and authority of attorney in fact, counters with the argument that "appellant received notice of his agent's unauthorized act and subsequently ratified same." The trouble with this argument is that the bond of the agent was executed June 26, 1970, and the "subsequent ratification" by the principal, Huffman, claimed by appellee, occurred not subsequent to June 26, 1970, but prior thereto and on October 5, 1969. Furthermore, from the meager record in this court, it would appear that the 1969 bond was signed by Al Huffman and one Marvin W. Berg, another bail bondsman, as co-sureties. Apparently the judgment in this case was on the 1970 bond as Berg is not listed as a defendant, and the proceeding was had in the criminal case by way of bond forfeiture proceedings against Huffman alone.

We cannot see how the action of Huffman on the original bond could operate as a "ratification" of the 1970 bond executed by his attorney in fact. It may well be that had the proceedings been on the original bond, Huffman would have been liable, but then there might have been a question of contribution in favor of Huffman against Berg. The judgment is silent as to the date of the bond on which the judgment is entered.

The power of attorney was of record in the proper offices. The clerks in those offices were charged with knowledge of the authority granted in the power of attorney. The clerk should have refused the bond. See United States Fidelity & Guaranty Co. v. McGinnis' Adm'r, 147 Ky. 781, 145 S.W. 1112, and Gaines v. Murphy, Ky., 239 S.W.2d 453. 3 Am.Jur.2d, Agency, § 81, p. 485.

Inasmuch as appellant "feels" that the 1970 bond is "voidable" and cites Vanada's Heirs v. Hopkins' Adm'r, 24 Ky. (1

the tendered "official transcript" was submitted too late and we are constrained to decide the case on the record before this

J.J.Marsh) 285, we hold that the liability of Huffman on the 1970 bond is limited to $2,000 and the cost of the proceedings.

The judgment is reversed with directions to enter another consistent with this opinion.

MILLIKEN, NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, C. J., not sitting.

court when the opinion was originally rendered.